## HAYES *v.* EAST TENN., VA. & GA. RAILWAY CO.

The plaintiff below, while an employee of the defendant railway company, having sustained a personal injury by reason of its negligence, and having thereafter released his right of action for such injury by a contract of accord and satisfaction fully executed, cannot maintain an action against the company for inducing him to enter into that contract and accept satisfaction under it by fraudulently persuading him, through its superintendent and its employed physician, to believe that his injury was not a material one and would not be permanent, it not being alleged that any artifice, trick or contrivance was used to prevent him from ascertaining the true nature of his injury and its probable duration, these matters lying as much within his knowledge, or means of knowledge, as within the knowledge of the defendant, its officers, agents and employees.    *Judgment affirmed.*

May 2, 1892.    By two Justices

Accord and satisfaction.    Fraud.    Before Judge VAN EPPS. City court of Atlanta.    September term, 1891.

Hayes sued the railway company in an action of trespass on the case, for fraud and deceit in procuring an accord and satisfaction, as specified in the declaration. At the hearing the defendant moved orally to dismiss the action, and after an amendment to the declaration the motion was sustained, to which ruling plaintiff excepted. The petition alleged: Petitioner while a carcoupler in defendant's employment and while in the discharge of his duty on January 31, 1887, was injured by the negligence of defendant or its agents or employees. His leg was caught between a car and engine and his knee seriously mashed. He was confined a considerable time to his bed, experienced great mental and bodily pain, still continues to suffer and will continue to

suffer the balance of his life. Since the injury he has been unable to do any considerable work, and is permanently incapacitated for physical labor by more than one half. Prior to the injury he was a laboring man in sound physical health, about twenty-seven or twenty-eight years old, and capable of earning from $2.00 to $2.50 per day. He was put to the expense of $75 for nursing, etc. By reason of the facts alleged defendant became liable to pay him $3,000 or other large sum, and in default thereof to be sued for said sum, and have judgment against it enforceable by execution. But petitioner was ignorant, unacquainted with law or the human anatomy, altogether illiterate, entirely unacquainted with business, without means and with no person upon whom he could depend for support. For about six weeks, during which he was for the most part confined to his room, he was dependent largely upon charity, and when about to get about, had no resource except to beg of defendant, being in suffering for food. He thought all that time that defendant was in any event bound to provide for his wants and pay for his lost time during his disability, and that this was a custom and obligation devolving upon said railroad, independently of any question as to whose fault caused the accident. He has since learned that he was wrong in this, but such was his ignorance at the time that he was a constant applicant for money and other relief at the hands of defendant, basing his application in his own mind upon this theory. Affairs were in this condition between him and defendant when the wrong was done by defendant of which he complains. Defendant first simply put him off from time to time, neither giving nor refusing aid. In the meantime, as his wants and sufferings increased, defendant deliberately took advantage of his ignorance, suffering and hunger, to persuade him into negotiations looking to a full discharge of it from its

liability for damages, upon payment to him of a money consideration therefor. These negotiations proceeded to a point at which defendant ascertained that he would not give such discharge until satisfied that his leg would not be materially injured, but would be sound again. Defendant thereupon deliberately deceived him into a belief that such would be the case, knowing at the time that such would not be the case, or at least there was no reason so to believe, that petitioner was acting on the belief induced by defendant that such would be the case, that he was discharging it from liability upon a consideration entirely and grossly inadequate to the extent of his injuries, and that he would not so discharge it but for such belief; said trespass and wrong thus fraudulently practiced upon him resulted in his signing a written release discharging defendant from any and all liability growing out of the accident. The consideration therefor was $100, which it paid him, well knowing at the time that he would spend the same to ameliorate his existing necessities and that he could never reasonably hope to refund upon the discovery of the fraud practiced upon him. He did so spend the same, and has never since been able to pay the money back. By reason of the fraud and deceit defendant damaged him the difference between the sum paid and the damage which he would otherwise have been entitled to recover.

He alleges the following facts as an explanation sufficient in law to account for his delay in bringing the present action: Being ignorant and unacquainted with law he relied wholly upon his attorneys as to the form of action to be pursued. Soon after learning that he had been deceived he sought legal aid in recovering his rights. His counsel were *bona fide* of the opinion that, under the facts of the case, no necessity existed for refunding the money paid before suing for the injury done by the accident, and accordingly sued for the original

negligence and tort. To this action defendant pleaded the accord and satisfaction, and to this plea he replied by his evidence that said accord was fraudulently procured and not binding. Defendant joined issue on said allegation of fraud, and the trial resulted in a verdict for the plaintiff. Subsequently defendant moved for a new trial, and, after the motion was filed and brief of evidence made up, amended the motion, on February 23, 1889, attacking the verdict on the ground that petitioner had never offered to refund the $100. The motion was denied, and defendant took a bill of exceptions. Petitioner's counsel pressed the matter to a hearing at the first possible term of the Supreme Court, which court determined that by reason of failure of petitioner so to tender the $100, his action was not maintainable. 83 *Ga.* 558. By custom at this bar the party prevailing in an action in the Supreme Court always brings down the remitter and has the judgment of the Supreme Court entered as the judgment of the court below. In accordance with this custom petitioner's counsel took no steps in the matter until, November 8, 1889, ascertaining for the first time that defendant's counsel was not moving in the matter, he immediately sought leave from the court wherein the former suit was located, to bring down the remitter himself in order to clear the record. Upon obtaining such leave, at the earliest possible moment, on November 11, 1889, he dismissed said action and instituted the present in lieu thereof.

By the second count in his declaration he alleged: While a car-coupler of defendant and carefully attending to the duties of his position, he was injured by the negligence of defendant's agents, and his leg mashed and mangled in a terrible manner. He was exercising all due care and caution, and his injury was the result of defendant's negligence. The declaration then set forth his confinement from the injury, suffering, age, earnings,

expenses, etc., substantially as stated above.   For these
injuries he brought his action in the city court of At-
lanta, substantially in the foregoing language, to its
December term, 1889, "whereby petitioner in considera-
tion of $100.00 released defendant from its liability for
said negligence and injury."   He sought to avoid said
accord and satisfaction by showing a certain fraud prac-
ticed upon him in order to procure the accord, which
fraud is hereafter set out.   Defendant at the trial pre-
sented no question in reference to his not having ten-
dered the $100 back before commencing his action, and
made no objection on that ground to his evidence of fraud.
After the evidence was in and the argument to the jury
was over, the court submitted to the jury the contro-
verted issues: whether petitioner was injured as alleged
by defendant's negligence, and if so, how much, and
whether the alleged accord and satisfaction was pro-
cured by fraud and deceit as claimed by petitioner, and
if so, whether the fraud was material.   The court also
instructed the jury, if they found for plaintiff, to allow
defendant credit for the $100 paid, and the jury thus in-
structed said plaintiff was entitled to recover $2,500.
Defendant's motion for new trial being refused, it car-
ried the case to the Supreme Court, where it was ad-
judged that petitioner had no right to maintain this
action, because he had not previously tendered back the
$100, and a new trial was granted.   Petitioner now
avers that by these proceedings it has been adjudicated
that, upon January 31, 1887, defendant injured and
damaged him as alleged, $2,600 and became liable there-
for, and that said accord was fraudulently procured by
a deceit practiced on him.   And now, therefore, he
brings this action against defendant for the damage
done him by the fraud and deceit, which was as follows:
Some five or six weeks after the accident, he being ig-
norant, unacquainted with law or the human anatomy,

altogether illiterate, entirely unacquainted with business, without means and with no person upon whom to depend for a support, having become able to hobble about on crutches, went to defendant for help, being then actually suffering for food. He was at the time under the impression that during his disability defendant was bound to pay for his lost time, whether the accident was its fault or not. He has since learned that he was wrong in this, but so thought at the time and went for that reason. Taking advantage of his position and circumstances, defendant fraudulently deceived him into accord by falsely persuading him and inducing him to believe that his leg was not permanently injured and would be practically as good as ever. By reason of this fraud he released defendant from its liability and has never since been able to rescind the same by paying back the $100. The facts so pleaded are of record in this court, and show that petitioner was entitled to $2,600 damages originally, and that by reason of the alleged fraud he is entitled to $2,500 damages for said fraud. He alleges that the fraud was practiced through the instrumentality and agency of defendant's superintendent and of its surgeon who attended plaintiff after the injury and had negotiated himself into the confidence of plaintiff, and in both of whom plaintiff reposed peculiar confidence ; all of said attendance and acts having been procured by defendant. The declaration was filed November 12, 1889.

The motion to dismiss was upon the grounds : (1) the declaration affirmatively disclosed that no effort had been made by plaintiff to rescind the contract of accord and satisfaction, by paying back or offering to pay back the money alleged to have been received by plaintiff from defendant in pursuance thereof; (2) the fraud alleged consisted in representations of a future matter, or a mere opinion or expression of hopeful anticipation

in reference to the plaintiff's future recovery; and (3) the petition disclosed affirmatively that the cause of action was barred by the statute of limitations.

HOOPER ALEXANDER and W. T. TURNBULL, for plaintiff. DORSEY, BREWSTER & HOWELL, for defendant.