4174. WILEY v. ROME INSURANCE CO.

1. While forfeitures stipulated in contracts of insurance are not favored, and, in order to avoid a forfeiture, the courts will seize any circumstance indicating an intention to waive it, still, before it can be held that there was such a waiver, it must appear that the insurer, or some one authorized to represent the insurer, had actual knowledge of the fact or circumstance upon which the waiver depended. When neither the insurer nor an agent of the insurer has actual knowledge of a fact from which a waiver might be implied, the doctrine of constructive notice does not so apply between the insurer and the person to whom the policy is issued as that a waiver can be implied.

2. Constructive notice does not possess in its own essential nature the character assigned to it by law. From the exigent presumptive inferences which the law permits to be deduced from circumstantial evidence, and for reasons of public policy, the law sometimes imputes constructive knowledge of a fact or condition. But this is, after all, a knowledge or notice established in the mind of the law, in consequence of the way in which the law interprets the evidentiary facts upon which the presumption of knowledge depends, and is a creation of the law in its act of construing facts, conduct, circumstances, or instruments. Constructive notice of a fact, for that reason, is not the equivalent of actual knowledge, so as to evidence a waiver of a for-

feiture in a contract of insurance, dependent upon material misrepresentations of fact, merely because the insurer, by the exercise of reasonable care and diligence, could have ascertained the truth as to a fact upon which the waiver is alleged to depend.

DECIDED JANUARY 30, 1913.

Action on insurance policy; from city court of Atlanta—Judge Reid.   March 16, 1912.

*Arnaud & Donehoo,* for plaintiff.

*Dorsey & Shelton,* for defendant.

RUSSELL, J.   This case raises a question as to the bearing of section 4530 of the Civil Code upon an allegation in the plaintiff's petition, averring a waiver of the forfeiture in the contract of insurance if the person insured was not in good health at the time of the issuance of the policy.   There was a demurrer to the original petition, upon the ground, among others, that the petition did not allege that Dillard Wiley, the person insured, was in sound health, or an insurable risk, at the time the policy was delivered.   The plaintiff amended the petition by alleging that the person insured was examined, as required by the defendant, as a condition precedent to the issuance of the policy applied for, and that at the time the examination was made, he was suffering from tuberculosis "in the advanced second stage;" that the affection at that stage "is easily detectible by a practicing physician with the use of ordinary care;" that the physician who made the examination in behalf of the company knew, or ought to have known, and by the exercise of ordinary care could have known, of said affection; and that the application for insurance was made in good faith, and without knowledge of the unsoundness of Dillard Wiley's health. The court sustained the demurrer and dismissed the petition. The present writ of error challenges that judgment, not upon the ground that the defendant was chargeable with knowledge of all the facts which it might, by the exercise of ordinary care, have ascertained before entering into this contract (for this intention is expressly disavowed), but upon the ground that if the defendant had notice sufficient to put it upon inquiry, it was bound to pursue the inquiry with reasonable diligence, and was chargeable with knowledge of all facts to which such inquiry, conducted with ordinary care, might have led.   This is at least implied notice, or implied actual notice; for counsel for the plaintiff in error did not seriously contend that a waiver can be based upon constructive notice.

We do not think that the provisions of section 4530 of the Civil Code have any application to the subject of waiver, as related to conditions imposing forfeitures in contracts of insurance. In our opinion, constructive knowledge of the material fact upon which a waiver is alleged to depend can not afford the basis of such a waiver. In order for one to waive a right, he must know that he possesses the right. He can not waive a right of which he is ignorant, even though he might, by the exercise of ordinary care, have ascertained the existence of the right. Waiver implies knowledge of the right which is waived; and, therefore, it can not rest upon the fact that, although the person waiving did not know his right, he might, by due inquiry, have known it. Waiver is itself but an implication from the forbearance to assert a known right, and must be voluntary. An act in regard to a given thing can not be voluntary, as related to that thing, unless the actor has knowledge of its existence. Section 4530, supra, declares: "Notice sufficient to excite attention and put a party on inquiry is notice of everything to which it is .afterwards found such inquiry might have led. Ignorance of a fact, due to negligence, is equivalent to knowledge, in fixing the rights of parties." This can not have more effect in establishing a waiver dependent upon the failure of an insurer to ascertain the facts in regard to the health of one seeking insurance than it does in the case of a prescriptive title based upon adverse possession free from fraud; and as to that the Supreme Court has expressly held (*Dixon* v. *Patterson*, 135 *Ga.* 184, 69 S. E. 21) that constructive notice is insufficient, the court ruling that "fraud which will prevent prescription from ripening must be actual, moral fraud. Mere notice of facts putting on inquiry as to a defect in a title will not suffice."

It is of course well settled that an insurance company is charged with knowledge of all pertinent facts which have come to the knowledge of its duly authorized agents; and, thus, notice to an agent is notice to the principal. This is implied actual notice, and actual notice to the agent is imputed to the principal; but the rule does not include implied constructive notice and charge the principal with implied knowledge of facts which the agent might, in the exercise of ordinary care, have acquired, but did not in fact possess, because he did not use ordinary diligence. In a case where the agent has actual knowledge, the company has notice;

upon the presumption that the agent will do his duty and inform his principal of those facts which affect the company's interest. Hence we held in *Fain* v. *Metropolitan Life Insurance Co., 5 Ga. App.* 708 (63 S. E. 812), that a provision in a written and signed application for life insurance, that the policy shall not take effect unless upon the date and delivery of the policy the person purposed to be insured be alive and in good health, is waived by the company, if, with knowledge that the insured is not in good health, the contract of insurance is consummated. Further, we held that any knowledge affecting the rights of the insured, which comes to an agent while he is performing the duties of his agency, becomes the knowledge of the company, and consequently that any statement as to the condition of his health, made by the insured to the physician engaged in making an examination, would be a statement made to the company. In view of the meaning of the word "notice," and the distinction between the different kinds of notice, explained by Judge Lumpkin in *Clarke* v. *Ingram,* 107 *Ga.* 565 (33 S. E. 802); it is manifest that the presumption that the agent will communicate his knowledge to his principal rests only on implication, and that the notice with which the principal is charged is, after all, only implied, and, therefore, "constructive notice." Judge Lumpkin approves the statement that "the implication of notice arises when the party to be charged is shown to have had knowledge of such facts and circumstances as would lead him, by the exercise of due diligence, to a knowledge of the principal fact" (16 Am. & Eng. Enc. L. 790), and quotes from Wade on Notice (2d ed.), § 36a, to the same effect. But it must be borne in mind, in considering the insistence of the plaintiff in error on this point, that in the case of *Clarke* v. *Ingram,* supra, Judge Lumpkin was dealing with an entirely different section of the code from that upon which the plaintiff in error now relies, the section there dealt with being section 2360, which avoids any sale made by an insolvent bank if the purchaser had either "notice or knowledge" of the condition of the bank. For this reason there is nothing in the ruling in that case which would authorize us to hold that a waiver of the right of forfeiture can be implied from notice of facts which would have led to knowledge of the material fact, to wit, that there had been a breach of one of the conditions precedent to

the contract. It seems to us that the very point was ruled in *Orient Insurance Co.* v. *Williamson,* 98 *Ga.* 464 (25 S. E. 560), in which it was held (Chief Justice Simmons delivering the opinion of the court) that the doctrine of constructive notice does not apply as between an insurance company and a person to whom it issues its policy of insurance. This conclusion appears to be inevitable, because, after referring to the case of *Mechanics & Traders Insurance Co.* v. *Mutual Real Estate & Building Association,* 98 *Ga.* 262 (25 S. E. 457), in which it was held that one of the conditions of the policy was waived because the company's agent knew all the facts to which these conditions related, the court held that the knowledge referred to in that case was actual knowledge. It is, therefore, not a question (as insisted by counsel for the plaintiff in error) as to how much notice is necessary to support the waiver, but what kind of notice,—whether the notice must be actual notice, or whether constructive notice, dependent upon the opportunity of the party to have informed himself, will suffice.

Counsel for the plaintiff in error insist that as knowledge is purely intangible, and as, in the absence of an admission of knowledge by the person charged therewith, it would be practically impossible to prove that such a person did in fact know the facts in dispute, to require a party seeking to establish a waiver to prove actual knowledge on the part of the opposite party would be to impose upon him an impossible task. It is not necessary for us to pass upon this contention, for the reason that the point is here presented by demurrer, and the petition in any case could state that the agent of the company knew the fact by which it is sought to establish a waiver, if the evidentiary circumstances in support of that conclusion were sufficient to satisfactorily establish actual knowledge. And while it may be difficult to prove the existence of actual knowledge on the part of one who denies it (because in such case direct evidence is not attainable, unless he admits it), nevertheless, even actual knowledge can be demonstrated by the proof of circumstances which will admit of no other reasonable conclusion than that the party who asserts his ignorance of a given fact actually knew it, and that his denial is untrue. The case of *Hayes* v. *E. T., V. & G. Ry. Co.,* 89 *Ga.* 264 (15 S. E. 361), is not in point. Counsel for the plaintiff in error cite a ruling of the Supreme Court of Maryland, to the effect that where an agent of

an insurance company examines the premises, the insurer is bound to have notice of all facts an expert should have from such an inspection, and is bound by the knowledge to that extent which would seem to be applicable to the point raised by the demurrer; but, in our view of the ruling of the Supreme Court in the *Orient Insurance Company* case, supra, we are precluded from being persuaded by this authority. In fact, under our own rulings, we could not predicate a waiver of a stipulation providing for the forfeiture of a contract upon constructive notice of its breach; for in *Kennedy* v. *Manry*, 6 *Ga. App.* 816 (66 S. E. 29), we held that a waiver is a voluntary renunciation of a known right. Waiver must depend upon notice. Actual notice to an agent can be imputed to his principal, but, even then, though the principal's information rests only on the implication that the agent has imparted to his principal his knowledge, it is impliedly actual knowledge. Waiver must depend on actual notice (even though, as in *Fair* v. *Metropolitan Life Ins. Co.*, supra, the fact that the agent has conveyed his knowledge to his principal rests upon implication); because, as defined by Black in his Law Dictionary, constructive notice is "Information or knowledge of a fact imputed by law to a person (although he may not actually have it), because he could have discovered the fact by proper diligence and his situation was such as to cast upon him the duty of inquiring into it." That an implication of actual notice is not the equivalent of, or entirely synonymous with constructive notice, see *McLean* v. *Camak*, 97 *Ga.* 804 (25 S. E. 403).

The trial judge did not err in sustaining the demurrer.

*Judgment affirmed.*