14205.  SOUTHERN RAILWAY COMPANY *v.* COOK.

As to the release signed by the plaintiff the case is controlled by the decision in the case of *Hayes* v. *East Tenn. &c. Ry. Co.*, 89 *Ga.* 264.

DECIDED DECEMBER 5, 1923.  REHEARING DENIED JANUARY 17, 1924.

Action for damages; from city court of Floyd county—Judge Nunnally.  December 1, 1922.

*Hamilton & Hamilton, Maddox, McCamy & Shumate,* for plaintiff in error.

*Denny & Wright,* contra.

PER CURIAM.  1.  In *Hayes* v. *East Tenn. &c. Ry. Co.*, 89 *Ga.* 264 (15 S. E. 361), the Supreme Court held: "The plaintiff below, while an employee of the defendant railway company, having sustained a personal injury by reason of its negligence, and having thereafter released his right of action for such injury by a contract of accord and satisfaction fully executed, cannot maintain an action against the company for inducing him to enter into that contract and accept satisfaction under it by fraudulently persuading him, through its superintendent and its employed physician, to believe that his injury was not a material one and would not be permanent, it not being alleged that any artifice, trick, or contrivance was used to prevent him from ascertaining the true nature of his injury and its probable duration, these matters lying as much within his knowledge, or means of knowledge, as within the knowledge of the defendant, its officers, agents, and employees." The principles announced in that case are controlling in this, and, under the pleadings and the evidence ad-

duced, a recovery for the plaintiff was not authorized. The decision in the *Hayes* case, supra, is not in conflict with the decision in *Sou. Ry. Co.* v. *Nichols,* 135 *Ga.* 11 (68 S. E. 789), the latter case being distinguished by its particular facts. It follows that the court erred in overruling the general grounds of the motion for a new trial.

2. It is unnecessary to consider the other assignments of error.

*Judgment reversed. Broyles, C. J., and Luke, J., concur. Bloodworth, J., dissents.*