## OGDEN *v.* DODGE COUNTY.

1. The principle stated in section 3189 of the code was applicable to the issues involved in the present case, and under this principle a perfect equity may, without praying for specific performance, be set up as a defense to an action at law for the recovery of land.

2. Declarations by a donor of land in favor of his own title, made after he has delivered possession of the same to the donee, are not admissible in evidence against the latter. Declarations of a donor against his title and in favor of that of the donee bind

97    461
101     7

97    461
111   394

97    461
127   565

the donor and his privies in estate, and consequently are admissible in the donee's favor against one who derived title from the donor after the declarations were made.

3. Declarations of one in possession of land and claiming under a parol gift, are admissible to show an adverse claim of title. An inventory made by an ordinary, purporting to include all property belonging to the county, is in the nature of such a declaration.

4. The evidence warranted the verdict, and the newly discovered evidence being merely cumulative of that introduced upon the trial and such as would not probably change the result, the court did not err in refusing to grant a new trial.

October 28, 1895.

Ejectment. Before Judge Smith. Dodge superior court. March term, 1895.

*DeLacy & Bishop*, for plaintiff.

*D. M. Roberts*, for defendant.

SIMMONS, Chief Justice.

Mrs. Ogden brought her action of ejectment against the county of Dodge for certain land in the town of Eastman, used by the county for court-house purposes, to which she claimed title under a deed from her father, Wm. P. Eastman. She alleged that the defendant entered into possession of the land by enclosing the same with a wire fence, by the express consent and permission of her father, and that its possession was permissive until 1894, when it set up an adverse claim, since which time the possession had been against her consent. The defendant denied that its possession was permissive, and alleged that it had a perfect equitable title by reason of its having taken possession of the land under a parol gift from said Wm. P. Eastman, and having made valuable improvements thereon upon the faith of the gift. There was a verdict for the defendant, and the plaintiff made a motion for a new trial, which was overruled, and she excepted.

1. The court gave in charge to the jury section 3189 of the code, which declares that if possession of land has been given under a voluntary agreement or merely gratuitous

promise, upon a meritorious consideration, and valuable improvements made upon the faith thereof, equity will decree the performance of the agreement. It is complained that this was error, because the law as stated in this section was inapplicable to the case. It is true that under the pleading, the case was not one for specific performance, there being no prayer for it. The principle of the section referred to is applicable, however, not merely where specific performance is sought, but whenever a donee in possession of land under the circumstances stated is seeking to defend his possession against the donor or persons claiming under him. A donee of land under a parol gift would under these circumstances have a perfect equity in the land, which would enable him to defend his possession against the plaintiff; and this he could do without praying for specific performance. *Floyd* v. *Floyd*, 97 *Ga.* 124. In the case of *Howell* v. *Ellsberry*, 79 *Ga.* 475, relied upon by the plaintiff in error, the party setting up the equity was not in possession of the land, but was seeking to recover it in ejectment; and a legal title being therefore necessary to enable him to recover, it was held that the action could not be supported without first or contemporaneously obtaining a decree for specific performance. Where the person setting up the equity is already in possession, it is not necessary that he should have the legal title in order to defend his possession; but a perfect equity in the land, as against a plaintiff seeking to recover in ejectment, is a sufficient defense to the action. In the present case there was evidence that the alleged donor gave the land in question to the county from motives of public spirit, and because the town in which it was situated, and which was named after him, had been selected as the county site,—a sufficiently meritorious consideration; and that the county went into possession upon the faith of the gift, and expended in fencing and other improvements on the land something over two hundred dollars. In view of this evi-

dence, the court was authorized to give in charge the principle of the section referred to; and although that part of the section which says that "equity will decree the performance of the agreement" was not applicable to the case, no harm resulted from its being given in charge with the rest of the section, there being no finding by the jury that the defendant was entitled to specific performance.

2. The court ruled out testimony as to declarations alleged to have been made by Mr. Eastman in favor of his own title after he had delivered possession of the land in question to the county, and tending to show that the possession was only permissive. It is complained that the court erred in ruling out such testimony, and in admitting, over the objection of the plaintiff, testimony as to declarations alleged to have been made by him against his title and in favor of the county. There was no error in these rulings. It is well settled that declarations of a donor in favor of the donee, made after the time of the alleged gift, are admissible in behalf of the donee and those claiming under him, to establish the fact of the gift; and that his declarations after the time of the alleged gift and while the donee is in possession are not admissible to disprove the gift, and are not rendered admissible by the fact that declarations admitting the gift are in evidence for the donee. *Porter* v. *Allen,* 54 *Ga.* 624, (6); *Lewis* v. *Adams,* 61 *Ga.* 559, (3); *Poullain* v. *Poullain,* 76 *Ga.* 420; *Blalock* v. *Miland,* 87 *Ga.* 573. And see Thornton on Gifts, §224, and cases cited; 1 Am. & Eng. Enc. of Law (2d ed.), tit. Admissions, p. 684.

3. There was no error in admitting in evidence the inventory made by the ordinary of the county, purporting to include all the property belonging to the county, and including the land in question. Declarations by one in possession of land are admissible to show an adverse claim of title (Code, §3774); and this was in the nature of such a declaration, the ordinary being the official in charge of the county property.

4. There was ample evidence to support the verdict; the newly discovered evidence was merely cumulative, and was not such as would probably change the result; and the court did not err in refusing to grant a new trial.

*Judgment affirmed.*