## ORIENT INSURANCE CO. *v.* WILLIAMSON.

It being stipulated in a policy of fire insurance issued to a woman, covering a building described in the policy as "her one-story frame shingle-roof dwelling," that the policy should be void "if the interest of the insured in the property be not truly stated therein," or " if the interest of the insured be other than unconditional and sole ownership," it was error, upon the trial of an action brought upon the policy by the insured, to reject a plea, offered in due time, alleging that when the policy was issued the plaintiff was not the owner of the property, because she had previously conveyed the same to another by a fee simple deed, and that if the defendant had known this fact, it would not have issued the policy. This is true although the deed in question may have been made to secure a debt, its effect being to pass the title.

May 19, 1896.   By two Justices.   Argued at the last term.

Action on insurance policy.   Before Judge Harris. City court of Floyd county.   June term, 1895.

*Fouche & Fouche* and *Glenn, Slaton & Phillips*, for plaintiff in error.   *McHenry, Nunnally & Neel*, contra.

SIMMONS, Chief Justice.

Mrs. Williamson sued the Orient Insurance Company for loss by fire, upon a policy of insurance covering a building described in the policy as "her one-story frame shingle-roof dwelling." The policy contained a stipulation that it should be void "if the interest of the insured in the property be not truly stated therein," or "if the interest of the insured be other than unconditional and sole ownership." On the trial of the case and at the close of the testimony for the plaintiff the defendant offered to amend its plea by alleging, that "at the time of procuring the policy sued on, the plaintiff represented that she was the owner in fee of the property insured, and that her interest was that of unconditional and sole owner thereof; and the defendant has just discovered that at that time she was not the owner thereof, but on the 1st day of August, 1892, she conveyed said property to the Security Investment Company of Bridgeport, Connecticut, by deed in fee simple, and that at the date of the destruction of the property she was not the owner thereof, and that said policy was void by reason thereof," and that "if it had known that said property had been so deeded or that it was incumbered, no policy would have been issued on the same." The court refused to allow the amendment, on the ground that it came too late, and on the further ground that it set up no sufficient defense. We think the court erred in refusing to allow the amendment. The acceptance by the insured of a policy containing the stipulation above quoted amounted to a representation on her part that she had truly stated therein her interest in the property insured, and that her interest was that of unconditional and sole ownership; and if at that time the title of the property was in another, to whom she had conveyed it by deed in fee simple, the representation was untrue, and according to the terms of the contract, the policy was void. In reply to the argument that the stipulation referred to would not render the policy void unless

inquiry as to the title was made of the insured, we quote from an opinion of the United States Circuit Court of Appeals, delivered by Sanborn, Circuit Judge, in the case of Syndicate Insurance Co. of Minneapolis *v.* Bohn, 65 Fed. Rep. 165, 27 Lawy. Rep. Annot. 618, where it is said, in discussing this question: "It is contended that the contracts in these policies, which exclude the Bohns from insurance under them upon any interest but that of unconditional ownership, are without binding force, because no inquiry respecting their title was made by the companies, and no statement concerning it was made by the Bohns when these policies were issued. But neither inquiry nor statement before the issue of the policies was requisite to the validity of these contracts. The policies themselves, containing, as they did, the contracts that they should be void if the interest of the insured had not been truly stated to the company, or if it was not truly stated in the policy, or if it was not the sole and unconditional ownership, and a description of it was not indorsed on the policy, were pointed inquiries of the assured whether their interest was the sole and unconditional ownership of the property described, and their silence and acceptance of the policies was the answer. The policies themselves were notice to the Bohns that the companies deemed their interest that of unconditional ownership, that they insured them against loss to that interest only, and that they expressly excluded every other interest from the insurance unless the Bohns immediately notified them that they held a different interest, and caused a true description of it to be written into or indorsed upon the policies. The silent acceptance of the policies by the Bohns closed these contracts, and bound them to the agreement tendered by the policies, that every interest of theirs but that of unconditional ownership was excluded from the promised indemnity." See also the opinion of this court in *Mechanics and Traders Ins. Co.*

v. *Mutual Real Estate and Building Association*, and authorities cited, *ante*, p. 262.

The deed referred to in the amendment was offered in evidence by the defendant, but was ruled out by the court. It appeared that the deed was made to secure a debt, and that it was recorded August 10th, 1892, and was cancelled December 18th, 1894. The policy was dated November 2d, 1893. It was contended on the part of the plaintiff that the deed, being of record at the time the policy was issued, was notice to the world of the true state of the title, and the company having issued the policy with this notice, it thereby waived the benefit of the stipulation above referred to. It is true that where an insurance company issues a policy with knowledge of the true state of the title, it cannot avail itself of the defense which the company in this case was seeking to set up by the amendment to its answer, such knowledge being held to amount to a waiver. (*Mechanics and Traders Ins. Co.* v. *Mutual Real Estate and Building Association, supra.*) But the knowledge here referred to is actual knowledge. If the insurance company had taken a deed to the land when the conveyance in question was of record, and a contest had arisen between it and the grantee in that conveyance as to their respective rights in the premises, the insurance company would, as between it and such grantee, be held affected with constructive notice of the prior conveyance; but the doctrine of constructive notice does not apply as between it and the person to whom it issued this policy. It was entitled to rely upon the representations of the insured, and was not chargeable with knowledge of what was on the records. See 1 Biddle, Insurance, §671; Mutual Fire Ins. Co. *v.* Deale, 18 Md. 26.

It was further contended that the deed in question, having been made as security for a debt, was merely an incumbrance on the property, and not such an alienation as would render the interest of the insured "other than unconditional

and sole ownership." We do not concur in this view. The effect of an ordinary deed in fee simple, although given as security for a debt, is to convey the legal title to the property, and the grantee would have a right to maintain ejectment thereon against the grantor. See *Lackey* v. *Bostwick*, 54 *Ga.* 45; *Biggers* v. *Bird*, 55 *Ga.* 653-655; *Braswell* v. *Suber*, 61 *Ga.* 398; *Oellrich* v. *Georgia Railroad*, 73 *Ga.* 389, and cases cited; *Roland* v. *Coleman & Co.*, 76 *Ga.* 654. This being so, the interest of a person who has parted with his title under such a deed cannot be said to be "unconditional and sole ownership." The case is controlled, in principle, by the decision in *Phœnix Insurance Co.* v. *Asberry*, 95 *Ga.* 792.

As the law stood prior to the pleading act of 1895, parties could at any stage of the cause, as matter of right, amend their pleadings, if there was enough in the pleadings to amend by. Code, §3479. The court erred, therefore, in holding that the amendment came too late.

*Judgment reversed.*