LIVERPOOL AND LONDON AND GLOBE INSURANCE CO. *v.* HUGHES.

LUMPKIN, J. 1. Where a policy of fire insurance contained a clause that, unless otherwise provided by agreement endorsed thereon, it should be void if the insured then had or procured other insurance on property covered in whole or in part by such policy, if it be shown that at the time of the issuance of such policy. the insured had other insurance on the property, but the insured should seek to avoid the effect of such clause by setting up a waiver thereof, the burden of showing such waiver would rest on the insured thus asserting it. Civil Code (1910), § 5746; 7 Enc. Ev. 539.

2. In order to work such a waiver, constructive notice to the company is not sufficient. *Orient Ins. Co.* v. *Williamson*, 98 *Ga.* 464, 467 (25 S. E. 560); Re Millers' &c. Ins. Co., 97 Minn. 98, 104 (106 N. W. 485, 4 L. R. A. (N. S.) 231, 234, 7 Ann. Cas. 1144); 2 Page on Contracts, § 1494 et seq.; 29 Am. & Eng. Enc. L. (2d ed.) 1091 et seq.; *Wiley* v. *Rome Ins. Co.*, 12 *Ga. App.* 186 (76 S. E. 1067).

(*a*) The expression "constructive notice," used in *Atlas Assurance Co.* v. *Kettles*, 144 *Ga.* 306 (87 S. E. 1), was not used in its strict sense, but as meaning that knowledge of the agent at the time of the issuance of the policy would be imputed to his principal. Civil Code (1910), § 3599. Also in *Alabama Construction Co.* v. *Continental Car &c. Co.*, 131 *Ga.* 365 (8), 371 (62 S. E. 160), the word "constructive" in connection with knowledge was not used as the equivalent of constructive notice, as will appear from the context.

(*b*) The declaration of the Civil Code (1910), § 4530, dealing with the subject of notice, that ignorance of a fact, due to negligence, is equivalent to knowledge, in fixing the rights of the parties, and the question of what evidence may be sufficient to prove knowledge, need not be discussed. The court charged the jury that constructive notice would suffice.

3. Whatever may have been ruled in other jurisdictions, in this State the point is concluded by former decisions that where a policy of fire insurance contains a clause that, unless otherwise provided by agreement endorsed thereon, it shall be void if the interest of the insured be other than the unconditional and sole ownership, or if the subject-matter of insurance be a building on ground not owned by the insured in fee simple, the fact that the insured held under a bond for title at the time when the insurance was effected would not alone be sufficient to answer the requirements of such a clause. *Orient Ins. Co.* v. *Will-*

*iamson*, supra; *Williamson* v. *Orient Ins. Co.*, 100 *Ga*. 791 (28 S. E. 914); *Athens Mutual Ins. Co.* v. *Ledford*, 134 *Ga*. 500 (68 S. E. 91); *Atlas Assurance Co.* v. *Kettles*, supra.

(*a*) We have been requested to review and reverse these rulings (except the case last cited, which was decided by five Justices); but the requisite number of Justices do not concur in so doing, and such decisions must stand.

(*b*) The question whether a vendee in possession who has fully paid the purchase-money would be such an owner as to meet the requirements of this clause in the policy is not now involved.

4. The grounds of the motion for a new trial dealt with in the foregoing rulings being controlling, the other grounds do not require discussion, especially in view of the limited range of discussion in the brief of counsel for the plaintiff in error.

> *Judgment reversed. All the Justices concur.*
> AUGUST 21, 1916.

Action upon insurance policy. Before Judge Wright. Floyd superior court. March 24, 1915.

*King & Spalding* and *Daniel MacDougald,* for plaintiff in error. *Wesley Shropshire* and *Maddox & Doyal,* contra.