Earl Worden Chafee and Lloyd C. Worden to convey to appellants, Robert Worden and Jennie Worden, the south twenty acres of the northeast quarter of the southwest quarter of section 15, township 39 north, range 2 east, W. M., and in the event of their failure, that a commissioner to make the conveyance be appointed by the court. The executor of the estate of Ata Worden will also be instructed to distribute the personal property of the decedent to the appellants herein in accordance with the terms of the will.

ELLIS, C. J., MOUNT, HOLCOMB, and PARKER, JJ., concur.

---

[No. 13826.  Department Two.  June 6, 1917.]

ELMER WORDEN et al., Appellants, v. EARL WORDEN et al., Respondents, THE UNKNOWN HEIRS OF ATA WORDEN et al., Defendants.[1]

WILLS—ORAL CONTRACT TO DEVISE LANDS—SPECIFIC PERFORMANCE. Where a testator, pursuant to an oral agreement, attempted to devise land in consideration for support and care of himself and property, and the devisee went into possession and made permanent improvements in consideration of the execution of the will, the contract, on failure of the will, will be specifically enforced against the heirs.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered June 13, 1916, upon findings in favor of the defendants, in an action for specific performance, tried to the court. Reversed.

*R. J. Nightingale* and *H. S. Nightingale*, for appellants.
*Hurlbut & Neal*, for respondents.

FULLERTON, J.—This case involves the principles of law and much the same facts as those contained in *Worden v. Worden, ante* p. 592, 165 Pac. 501, the oral contract with

[1]Reported in 165 Pac. 508.

Elmer Worden for the devise of the north half of the north-
east quarter of the southwest quarter of section 15, township
39 north, range 2 east, W. M., being founded on slightly dif-
fering evidence.

The evidence shows that appellant Elmer Worden was an
older brother of Robert Worden, and a married man; that his
uncle, Ata Worden, prior to making the contract with Robert
to come to the uncle's home and take care of him and the
farm, had asked Elmer to make his home there, as the latter
and his wife would be able to take proper care of the old man.
In the fall of 1913, after the agreement with Robert Worden
had been entered into, Ata Worden urged Elmer Worden to
quit renting land and to come and build a home on the north
half of the former's forty-acre tract, and promised him the
land at death if Elmer would do so. Elmer refused to move
onto the land and improve it unless his uncle would give him
some kind of written evidence that it should be Elmer's at his
uncle's death. It was finally agreed between them to go to
the county seat for the purpose of executing papers that
would make Elmer Worden safe; whereupon the latter agreed
to build a house on the north half of the tract, go there to
live, and deliver to the uncle two-thirds of the net revenues
for his support. They went to Bellingham and consulted a
lawyer on January 12, 1914, resulting in the drafting of Ata
Worden's last will, devising to Elmer Worden the north half
of the testator's forty-acre farm and bequeathing to him cer-
tain personal property. Elmer Worden thereupon spent a
couple of months at work to earn additional money to make
improvements on the land. He moved onto the land in March
of that year, erecting a couple of tents as a temporary resi-
dence for his family while constructing a dwelling house. He
at once proceeded to build a frame house and a barn, put up
eighty rods of line fencing, together with a garden and
chicken fence, sunk a well, and cleared an acre and a half
of land. Before these improvements were all completed and
on July 20, 1914, his uncle died. The court found that the

value of such improvements up to the time of his uncle's death was $550.

The evidence clearly establishes that appellants went into possession of the land and made valuable improvements thereon in consideration of the execution of the will assuring them of title on the death of the uncle. Under the authority of the case cited, this was an enforceable contract against the heirs. See, also, *Irwin v. Dyke*, 114 Ill. 302, 1 N. E. 913; *Bohanan v. Bohanan*, 96 Ill. 591; *Bird v. Pope*, 73 Mich. 483, 41 N. W. 514; *Hughes v. Hughes*, 72 Ga. 173.

For the reasons given in the case of *Worden v. Worden*, the decree in this case is reversed, and the cause remanded to the lower court with instructions to order the respondents Earl Worden Chafee and Lloyd C. Worden to execute to appellants, Elmer and Nettie Worden, a conveyance of the north half of the northeast quarter of the southwest quarter of section 15, township 30 north, range 2 east, W. M.; and in the event of their failure so to do, that the court appoint a commissioner to make proper conveyance. The executor of the estate of Ata Worden, deceased, will also be instructed to distribute to the appellants the personal property attempted to be bequeathed to them under the terms of the void will of Ata Worden, deceased.

ELLIS, C. J., MOUNT, HOLCOMB, and PARKER, JJ., concur.