19922. BURCH *et al.* *v.* OLD NATIONAL BANK & TRUST COMPANY.

BROYLES, C. J. 1. This was a suit upon a promissory note. The judge disallowed an amendment to the answer, struck the original answer, and rendered judgment for the plaintiff. No motion for a new trial was made. The bill of exceptions contains the following assignment of error: "to which judgment disallowing defendants' amendment to the plea, judgment striking the defendants' plea, and the granting of judgment for the aforesaid amounts against the defendants, defendants then excepted, now except and assign as error the order disallowing defend-

ants' amendment to their plea, the judgment striking the defendants original plea, and the judgment in favor of the plaintiff against the defendants for the principal, interest and costs." *Held:* The assignments of error are not specific enough to raise any question of error on the final judgment of the court, but are sufficient to give this court jurisdiction to consider the assignments of error on the judgment disallowing the amendment to the plea, and on the judgment striking the original plea. *Roddenbery* v. *Patterson,* 136 *Ga.* 187 (71 S. E. 138). ·

2. "The president of a corporation has not, by virtue of his office alone, authority to contract in its behalf. But knowledge of the president is imputable to the corporation. If, therefore, the president, without authority, execute in behalf of the corporation a contract, and the corporation retains and uses the consideration furnished by the other party, it can not repudiate the contract. The principal can not ratify so much of an unauthorized contract as operates in its favor and repudiate the obligation assumed in its behalf by the person claiming to act as its agent." *Ocilla Southern R. Co.* v. *Morton,* 13 *Ga. App.* 504 (2) (79 S. E. 480). Under this ruling and the facts of the instant case, the trial judge did not err in disallowing the proffered amendment to the defendants' plea, or in striking the plea.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 12, 1929.

*S. W. Sturgis, Charles E. Baggett,* for plaintiffs in error.
*G. H. Williams,* contra.