23283. PEOPLES CREDIT CLOTHING COMPANY v. OLD COLONY
INSURANCE COMPANY OF BOSTON.

SUTTON, J. A creditors' bill was filed against the plaintiff corporation and the holders of its capital stock, who were husband and wife. Personal service was perfected upon each of the stockholders, and upon the corporation by service upon its president. In settlement of this litigation a bill of sale to secure debt was executed in the name of the corporation, signed by its president, to a named person as trustee for the creditors, covering the entire stock of goods and fixtures of the plaintiff corporation, which operated a clothing store. The bill of sale was properly recorded in the county where the store was located. The by-laws of the corporation provided that a bill of sale to secure debt could only be executed by the corporation upon authorization by its board of directors. There was no authorization of the execution of this bill of sale by the board of directors of the plaintiff. Thereafter the defendant insurance company issued its policy of fire insurance covering said stock of goods and fixtures. The policy provided that "This entire policy, unless otherwise provided by agreement endorsed or added hereto, shall be void . . if the interest of the insured be other than unconditional and sole ownership." There was a fire, which destroyed said stock of goods and fixtures. The insurance company refused payment, upon the ground that the policy was void, in that the interest of the plaintiff corporation in the property insured was not sole and unconditional. The plaintiff corporation filed suit against the insurance company, and it defended the action upon the above ground. Upon the trial the above facts appeared without dispute. The court directed a verdict against the plaintiff and in favor of the defendant. The plaintiff made a motion for a new trial, which was overruled, and to this judgment it excepted. *Held:*

1. Where a fire-insurance policy contains a clause that unless the ownership of the property insured is sole and unconditional the policy shall be void, and at the time of its issuance there is outstanding a bill of sale to secure debt, executed by the insured, conveying the property covered by the policy of insurance, the policy is void, and the insured can not recover thereon. *Springfield Fire & Marine Ins. Co.* v. *Chero-Cola Bottling Co.*, 22 *Ga. App.* 503 (96 S. E. 332). While proper record of the bill of sale to secure debt affords constructive notice thereof to the world (*Shippen* v. *Georgia Power Co.*, 172 *Ga.* 913, 159 S. E. 268), and where an insurance company issues a policy with knowledge of the true state of the title of the insured therein it can not avail itself of the defense that the policy is void because of a clause therein that the same would be void if the title of the insured in the subject of the insurance was not sole and unconditional (*Mechanics & Traders Ins. Co.* v. *Mutual &c. Asso.*, 98 *Ga.* 262, 25 S. E. 457; *Springfield Fire & Marine Ins. Co.* v. *Price*, 132 *Ga.* 687, 64 S. E. 1074; *Blackstock* v. *Jefferson Insurance Agency*, 23 *Ga. App.* 642, 99 S. E. 142), the knowledge on the part of the insurer referred to is actual knowledge, and not constructive notice of the record of such bill of sale. The insurer was entitled to rely upon the representations of the insured and was not chargeable with what was on the records. *Orient Insurance Co.* v. *Williamson*, 98 *Ga.* 464, 467 (25 S. E. 560).

2. A corporation is chargeable with knowledge of a bill of sale to secure debt, executed in the name of the corporation by its president, without the authority required by its by-laws, where the same is witnessed by the attorney of the corporation, who represented it in .the litigation to compromise and settle for which the bill of sale was executed. *Citizens Bank* v. *Citizens & Southern Bank,* 160 *Ga.* 109 (4 *a*) (127 S. E. 219).

3. The bill of sale in this case was not void because of lack of authority in the president to execute it, where the same was given in settlement of litigation to which the corporation was a party defendant and properly served, although the bill of sale recited that the debts sought to be recovered in the litigation, which was against it and two other defendants, were not the debts of the corporation, such litigation involving the business and property of the corporation. *Ocilla Southern Ry. Co.* v. *Morton,* 13 *Ga. App.* 504 (2) (79 S. E. 480); *Helping Hand* v. *Bank of Smithville,* 33 *Ga. App.* 285 (3, 4) (125 S. E. 794); *Burch* v. *Old National Bank & Trust Co.,* 40 *Ga. App.* 497 (150 S. E. 461).

4. Applying the above principles to the facts of this case, the court did not err in directing a verdict in favor of the defendant insurance company.

*Judgment affirmed, Jenkins, P. J., and Stephens, J., concur.*

DECIDED NOVEMBER 6, 1933.

*George & John L. Westmoreland,* for plaintiff.
*Spalding, MacDougald & Sibley, Estes Doremus,* for defendant.