## 23579. NATIONAL FIRE INSURANCE COMPANY v. KING.

    DECIDED JULY 23, 1934. REHEARING DENIED SEPTEMBER 17, 1934.

*Jones, Johnston, Russell & Sparks, U. V. Whipple,* for plaintiff in error.
*J. H. Pate, J. W. Dennard,* contra.

GUERRY, J.   James T. King brought suit against the National Fire Insurance Company upon a policy of fire-insurance covering a certain building destroyed by fire.   The policy introduced in evidence contained a provision that it shall be void unless such building is on ground owned by the insured in fee simple.   The undisputed evidence showed the following facts:   The policy was issued on December 29, 1931, and covered a described building located on a certain lot of land.   The plaintiff introduced a deed to himself executed by Mrs. T. B. Wideman, for a valuable consideration, on November 1, 1931, which purported to convey such land to the plaintiff in fee simple.   The description in the deed was as follows:   "Ninety feet of land fronting School House street, said land to run from above-mentioned street to right of way of A. B. & C. R. R. approx. 150 feet."   The deed contained no other description of the land. It did not indicate the town or community in which the land was located.   After suit was filed and before the trial the grantor in this deed executed another deed to the plaintiff, to the same land, which recited that the grantor had heretofore on November 1, 1931, sold and conveyed to the grantee a certain lot in which the description was indefinite, and that the conveyance was executed for the purpose of making the description definite and accurate.   This deed accurately described the property as being that upon which the destroyed building stood.   This second deed also recited that the grantee had been put in possession of said land on the date of the first void deed and had erected improvements thereon.   The plaintiff testified that after purchase and possession of the land on November 1, 1931, he erected the building insured which was completed before the policy was issued.

The sole question for determination in this case is whether an insured, who is in possession of land and who has paid the purchase-price thereof and who has erected buildings thereon, which he insures, may not, in case of loss by fire, collect on the policy of insurance so issued, although at the time of the issuance of the policy no valid deed (it being void for lack of description of the property) had been executed to him. It is true that "a deed which fails to describe any particular land or to furnish any key to the confines of the land purporting to be conveyed is void " (*Luttrell* v. *Whitehead, 121 Ga.* 699, 49 S. E. 691), and that such void deed can not pass the title to the land purported to be conveyed therein, yet as was

said in *Bass* v. *A. M. E. Church,* 150 *Ga.* 457 (104 S. E. 437) : "When it is recalled that the plaintiff . . was in actual possession of the premises, had made valuable improvements thereon after purchase, and had paid the purchase-price in full, it is apparent that the plaintiff was, under the rule in this State, clothed with a perfect equity, equivalent to a legal title." See also *DuBose* v. *Ball,* 64 *Ga.* 350. If a person is in possession of real estate under a bona fide claim of right to the exclusive enjoyment of the same, and there is no claim of adverse right or interest therein by any other person, he has an insurable interest in the property, and is the entire, sole, and unconditional owner. 2 Joyce on Insurance, 2075; Duprey *v.* Delaware Ins. Co., 63 Fed. 680. We further find in 4 Couch on Insurance, 3197, § 917, the following: "A representation of ownership, or of the land on which the insured building stands, is satisfied by a complete equitable title or estate," and "one in possession of property, and entitled to the legal title, has sole and unconditional ownership, as well as 'title in fee simple.'" It is provided in the Civil Code, § 3208, that: "Title is the means by which a person's right to property is established." Powell in his "Actions for Land," § 132 says: "Thus for practical purposes the word 'title' means the provable right to own particular property, and in its broader sense includes the proof by which that right may be established." He further says (§ 145) : "The general requirements of the original Statute of Frauds are somewhat modified by the rule that performance or possession under certain circumstances will dispense with the necessity for writing. Hence, where a plaintiff in ejectment showed by parol that he had bought and paid for the land in full and had been given the possession under his purchase, it was held that he was clothed with such a perfect equity as would amount to legal title." See *DuBose* v. *Ball,* supra.

To our minds it is immaterial in this case whether the insured held under a valid deed so far as the description of the property is concerned, or not, when it is made to appear that he had bought from the owner of the land under an agreement of purchase and had paid the full purchase-price and had entered upon actual possession and made improvements thereon. He was clothed with a perfect equity which amounted to legal title in fee simple. The insertion of the clause in an insurance policy that the policy shall

be void if the ownership is other than sole and unconditional and the fee-simple title is not in insured, is for the purpose of preventing fraud. *American Ins. Co.* v. *Peebles,* 5 *Ga. App.* 731, 734 (64 S. E. 304). Even though the paper title was incomplete in the insured at the time of the issuance of the policy and the happening of the fire, because of a failure of description which rendered the deed void, there existed at the time of the issuance of the policy actual possession of the land by the insured, he had constructed and was owner of the insured building, with the full purchase-price of the land paid. To our minds it is unthinkable that because of indefiniteness or lack of description in such a case the insured should forfeit his right to collect under his contract. He has shown himself to be the owner of the full title to the property. No other person has any right, title, or possession therein superior to his right, and he has fully met the provisions of the policy of insurance.

*Judgment affirmed. MacIntyre, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. James T. King brought suit against the National Fire Insurance Company upon a policy of fire-insurance covering a certain building, and alleged in his petition that "Plaintiff has complied with all the obligations resting upon plaintiff under the contract of insurance." The exhibit attached to the petition was not a complete copy of the policy of insurance sued upon, and did not contain the provision set forth in the first headnote. The petition therefore was not subject to general demurrer, as was the petition in *Security Ins. Co.* v. *Jackson,* 43 *Ga. App.* 13 (158 S. E. 457). In that case the third headnote reads as follows: "Where a policy of fire insurance covering a certain described building is issued, and the policy contains a provision that it shall be void unless such building is on ground owned by the insured in fee simple, and where subsequently the building is burned, and a suit is brought upon the policy and a copy of the policy is attached to the petition as an exhibit, the petition is subject to be dismissed on general demurrer where it fails to allege that the insured had a fee-simple title to the land on which the insured building stood, or where it does not set forth facts showing that the insurance company had waived the above-stated provision of the policy." However, upon the trial of the instant case, the plaintiff

introduced in evidence the policy sued upon, and it contained the same provision as did the policy in the *Jackson* case. In the instant case the petitioner did not plead that the insurance company had waived such provision, and that question is not here involved. It follows from the ruling in the *Jackson* case, supra, that the burden was on the plaintiff to establish by a preponderance of the evidence that when the policy was issued he had a fee-simple title to the land on which the insured building stood. The question here, therefore, is: Did the plaintiff carry that burden?

The undisputed evidence shows the following facts: The policy was issued on December 29, 1931, and covered a described building on a certain body of land. The plaintiff, in an endeavor to show title to the land in question, introduced in evidence two deeds. The first deed was executed by Mrs. T. B. Wideman on November 1, 1931, and purported to convey to the plaintiff a fee-simple title to certain land which was described therein as follows: "Ninety feet of land fronting School House street, said land to run from above-mentioned street to right of way of A. B. & C. R. R. approx. 150 feet." The deed contained no other description of the land. The plaintiff testified that he bought the land from Mrs. Wideman under this deed, and entered into possession of it and erected the building which was insured; that he paid the agreed purchase-price of the land to Mrs. Wideman, and that he remained in sole and undisputed possession of it until after the fire. The evidence was that the building was destroyed by fire on January 23, 1932. The other deed introduced by the plaintiff was executed by Mrs. Wideman on July 20, 1933 (just four days before the trial of the case), and in that deed she recited the inadequacy of the description of the property in her former deed of November 1, 1931, and stated that this deed was executed for the purpose of more correctly describing the property, "and for the purpose of ratifying, correcting, confirming and making more definite the said deed of November 1, 1931, herein referred to, and carrying out the intention of said deed, and of the parties thereto." The plaintiff testified also that he had a deed from Mr. T. B. Wideman dated November 1, 1931, conveying to him the same property, but this deed was not introduced in evidence and its contents are unknown. It is obvious that the deed of November 1, 1931, was a nullity and was insufficient to pass title to the plaintiff to the land in question. The

description in that deed of the land sought to be conveyed, to wit, "Ninety feet of land fronting School House street, said land to run from above-mentioned street [School House street] to right of way of A. B. & C. R. R. approx. 150 feet," was inadequate to pass title to any land whatsoever, as it does not set forth in what town, city, or village the land is located, or what particular 90 feet of School House street is conveyed. "A deed which fails to describe any particular land or to furnish any key to the confines of the land purporting to be conveyed is void." *Luttrell* v. *Whitehead*, 121 *Ga.* 699 (supra), 700; *Huntress* v. *Portwood*, 116 *Ga.* 351 (3), 355 (42 S. E. 513); *Pitts* v. *Whitehead*, 121 *Ga.* 704 (49 S. E. 693); *Crawford* v. *Verner*, 122 *Ga.* 814 (50 S. E. 958); *Youmans* v. *Moore*, 144 *Ga.* 375 (87 S. E. 273). The effect of the deed executed by Mrs. Wideman on July 20, 1933, long after the insured building was burned, was merely to pass the title to the plaintiff as of that date. "A void deed can not be confirmed by a subsequent conveyance so as to give it an operative effect of its own, but an intended confirmation may operate as a new conveyance. So a subsequent deed will not operate as a confirmation of a deed which is void for uncertainty." 18 C. J. 217, § 130. It follows from what has been said that the evidence fails to establish that at the date of the issuance of the policy sued upon the plaintiff had a fee-simple title to the land upon which the insured building stood, and that the verdict in his favor was contrary to law and the evidence. The cases cited in the majority opinion are differentiated by their particular facts from this case.