26634. NORWICH UNION FIRE INSURANCE SOCIETY LIMITED *v.* SAWYER.

DECIDED MARCH 18, 1938. REHEARING DENIED MARCH 31, 1938.

*Harris, Harris, Russell & Weaver,* for plaintiff in error.
*Hall & Bloch,* contra.

MACINTYRE, J. A. W. Sawyer brought this action on a contract of insurance issued to him by the Norwich Union Fire Insurance Society Limited on a certain house alleged to have been destroyed by fire. The policy was issued August 26, 1936, and the house was destroyed December 17, 1936. To his petition the plaintiff attached a copy of the policy, which, among other stipulations and agreements, contained the following: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto shall be void,—if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple." The question presented is whether the interest of the insured in the property is, under the allegations of the petition, that of sole and unconditional ownership in fee simple. The allegations of the petition as amended which are pertinent in this connection are substantially, that in 1925 plaintiff's father became the owner of a described tract of land containing 37½ acres; that the plaintiff's father and his (father's) family occupied the house on this tract as a family residence; that plaintiff had two brothers and four sisters; that in 1929 plaintiff's father "told his children that it was his idea to give each of them a lot carved out of the tract which he had bought . . , and to build a house for each

of them on the lot so carved out for each of them;" that from 1929 to 1936 plaintiff's father gave several of his children a lot and built a house thereon for them; that in 1929 plaintiff married, and in August, 1936, prior to August 28, 1936, plaintiff actually picked out a lot which his father orally gave to him "and at the same time agreed to give him a house just as he had" done with reference to several of his other children; that "instead of building the house for him, the said E. J. Sawyer [father] deposited funds with his bookkeeper . . and told your petitioner that he could use these funds for the purpose of building a house on the lot so carved out . . as he needed the funds to build;" that his father made an absolute gift of the money to him and that he, the plaintiff, "together with other funds also of his own," constructed the house in question on the said lot; that on the date of the destruction of the house "he had full and unconditional ownership thereof, and the ground on which the house was built was owned by the insured in fee-simple;" that "his father at all times thereafter considered that he, your petitioner, owned the aforesaid house and lot in as full, complete, and ample a manner as if he, his father, had given him, your petitioner, a deed thereto." The defendant demurred specially and generally to the plaintiff's petition, as amended. The judge overruled the demurrers to which ruling the defendant excepted.

The question above stated should be answered in the negative. "An absolute ownership is said to exist when the interest is so completely vested in the insured that he can not be deprived of it without his own consent." 3 Cooley's Briefs on Insurance, 2142 (c). In this State a mere equitable interest in the property is not sufficient to answer the condition of the policy above quoted. *Liverpool &c. Ins. Co.* v. *Hughes,* 145 *Ga.* 716 (89 S. E. 817); *Springfield Fire & Marine Ins. Co.* v. *Chero-Cola Bottling Co.,* 22 *Ga. App.* 503 (96 S. E. 332); *Peoples Credit Clothing Co.* v. *Old Colony Ins. Co.,* 47 *Ga. App.* 819 (171 S. E. 587). The earlier case of *Southern Insurance & Trust Co.* v. *Lewis,* 42 *Ga.* 587, is not contrary to the ruling made in 145 *Ga.,* and the cases therein cited. In the *Southern Ins. & Trust Co.* case the policy did not contain a condition providing that "if the interest of the insured was other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in

fee simple," the policy shall be void. In that case there was merely a recital of ownership in that property in the policy sued upon, and the question presented was whether or not a pure equity interest in the property amounted to an insurable interest under Code, § 56-812. However, a perfect equitable title in the insured (plaintiff) is held sufficient to fulfill such requirement. *National Fire Insurance Co.* v. *King,* 49 *Ga. App.* 457 (176 S. E. 64). In that case this court held: "'A representation of ownership, or of the land on which the insured building stands, is satisfied by a complete equitable title or estate,' and 'one in possession of property and entitled to the legal title, has sole and unconditional ownership, as well as "title in fee simple."'" . . He [the insured] was clothed with a perfect equity which amounted to legal title in fee simple." It is argued by the defendants that the *King* case, supra, has no application to the case at bar because the doctrine of perfect equity refers only to the relation of vendor and vendee. To support this contention they cite the case of *Howell* v. *Ellsberry,* 79 *Ga.* 475 (5 S. E. 96), and quote from the opinion by Justice Bleckley as follows: "But the doctrine of perfect equity as the equivalent of legal title is, so far as we know, restricted to the relation of vendor and purchaser." However, in *Sikes* v. *Seckinger,* 164 *Ga.* 96 (137 S. E. 833), the Supreme Court, cognizant of and citing the *Howell* case, after holding that a perfect equity arises out of the relation of donor and donee, stated: "Upon reason and principle it would seem to us that all perfect equities should have the same force and effect; and that if a perfect equity arising out of the relation of vendor and vendee will support an action in ejectment, a perfect equity springing out of the relation of donor and donee would likewise support such action." The general rule is that a parol gift of land, accompanied by possession by the donee, will be enforced in equity when the donee has been induced by the promise of the gift to make valuable improvements to the land, of a permanent nature, and to such an extent as to render a revocation of the gift unjust, inequitable, and a fraud upon the donee. Such a state of facts will take the case out of the statute of frauds, and entitle the donee to enforce specific performance of the gift, or to defend his possession against the donor or his heirs. 28 C. J. 656, § 57; *Floyd* v. *Floyd,* 97 *Ga.* 124 (24 S. E. 451); *Ogden* v. *Dodge County,* 97 *Ga.* 461 (25 S. E. 321);

*Ellis* v. *Dasher,* 101 *Ga.* 5, 7 (29 S. E. 268) ; *Sikes* v. *Seckinger,* supra; *Mims* v. *Lockett,* 33 *Ga.* 9, 20; *Bank of Arlington* v. *Sasser,* 182 *Ga.* 474 (3) (185 S. E. 826).

It is true that a parol gift of land based on a meritorious consideration, accompanied with possession, and the erection of valuable improvements thereon upon the faith of the gift, will not vest *legal title* in the donee (*Doe* v. *Newton,* 171 *Ga.* 418, 156 S. E. 25; *Thaggard* v. *Crawford,* 112 *Ga.* 326, 37 S. E. 367) ; yet, as pointed out above, to fulfill the requirements of the policy, the plaintiff (donee, insured), need only establish a perfect equity in the property. The defendant takes the position that a specific performance is necessary in order for the plaintiff to meet the conditions of the policy as to interest in the property insured and the ground upon which this house rested. To sustain this proposition the cases of *Howell* v. *Ellsberry,* 79 *Ga.* 475 (supra), and *Bell* v. *Mention,* 152 *Ga.* 625 (110 S. E. 883), are cited. Those cases held that *legal title* in the ejector was necessary to sustain an action in ejectment. (This rule does not apply when the donee is in possession, under a perfect equity, and is being sued in ejectment. *Ogden* case, supra.) To vest legal title in the ejector claiming under a parol gift, specific performance is necessary either before or contemporaneously with the action of ejectment. These cases are therefore not authority for the position taken. In the case at bar, the plaintiff needed only a perfect equity to maintain an action on the policy, and if this be true, it follows that no decree of specific performance was necessary. It only remains to be decided whether, under the allegations of the present petition, the plaintiff would be entitled to a decree of specific performance, in a suit brought for that purpose against his father, the donor, so as to prevent an ejectment under such an action brought by his father. In *Poullain* v. *Poullain,* 76 *Ga.* 420, 442 (4 S. E. 92), a case in which this question was involved, the court approved the following charge of the court: "If the minds of the jury are satisfied, beyond a reasonable doubt, by clear, satisfactory and unequivocal evidence that a gift . . was made by the father to the son, that the son took possession of the property given and improved it as his own, then, although the improvements made or caused to be made by him were slight and of small value, provided they were substantial and permanent in their nature, beneficial to the free-

hold, and were such as none but an owner would, under like circumstances, make upon his own estate, they would be the improvements contemplated by the statute as sufficient to pass the title to the donee." See also, *Hughes* v. *Hughes,* 72 *Ga.* 173 (8), where it was said: "Though a specific performance will not be decreed on a mere voluntary agreement or gratuitous promise, yet if possession be given under such agreement or gift, upon a meritorious consideration, such as blood or close relationship by affinity, and valuable improvements be made on the land by reason of faith in that promise or agreement, the performance thereof will be decreed, and slight improvements, if of a valuable and permanent character, will suffice."

There is no question in the present case but that substantial and valuable improvements have been made upon the lot given to the plaintiff by his father; but the question is, does it appear that the improvements were made by the donee within the meaning of the rule above set out? The allegations of the petition in this connection are to the effect that the father, prior to the gift of the lot to the plaintiff, had given several other of his children lots upon which he had erected for each of them a house; that instead of erecting a house for the plaintiff he placed a sum of money at his disposal to be used for this purpose, and that with this money and additional funds of his (plaintiff's) own, the plaintiff erected a house which was insured by the defendant. In so far as the petition sets up that the plaintiff erected the house with money given to him by his father, the donor, for that purpose, we think it insufficient to meet the requirements of the rule. The reason underlying the rule, authorizing a specific performance against the donor where the donee has made valuable and permanent improvements, is that the plaintiff donee has laid out or expended something, which would render a revocation of the gift unjust, inequitable, and a fraud upon the donee. It can not be said that a donee who has expended money of the donor for the erection of valuable improvements, which were given to him for that purpose, stands in this position. The petition, however, further alleges that the plaintiff (insured) expended some of his own funds in the erection of the house. In this connection it is not alleged that the amount so expended was a substantial amount as would render the revocation of the gift unjust, inequitable, and a fraud as against the

donee, nor is it alleged just what amount of money was so expended. In a case of this character, where the improvement placed upon the property is a house which was in part constructed by money given to the donee by the donor and in part by funds of his own not so given, we think it necessary, in order to show a right of specific performance as to the property, that the amount so expended constituted a substantial and not an inconsequential amount; the question of what would be a substantial amount being, as a general rule, a question for the jury. Had the present petition alleged in general terms that the amount so expended by the plaintiff was substantial and would have rendered the revocation of the gift unjust, inequitable, and a fraud upon the donee, we think it would not have been subject to general demurrer, although such an allegation would have been subject to special demurrer calling for the amount so alleged to have been substantial. From what has been said, we think the trial judge was in error in overruling the general and special demurrers (the special demurrer calling for the amount of money alleged to have been added by the plaintiff to the sum given him by his father).

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*

### ON MOTION FOR REHEARING.

MacIntyre, J. On motion for rehearing the plaintiff in error takes issue with the ruling of the court that where a donor (father) orally gives to a donee (son) a tract of land, and gives to him a sum of money for the expressed purpose of erecting a permanent and substantial improvement thereon, to wit, a house, and where it is alleged that the donee used the funds so given him "together with other funds, also his own," that in order for the donee in such case to have a perfect equity his contribution exclusive of that given him by the donor must be a substantial amount such as would render a revocation unjust, inequitable, and a fraud upon the donee. The three cases principally relied upon as being contrary to this ruling are *Hughes* v. *Hughes,* 72 *Ga.* 173, *Poullain* v. *Poullain,* 76 *Ga.* 420 (supra), and *Porter* v. *Allen,* 54 *Ga.* 623. Those cases announced the doctrine that "though a specific performance will not be decreed on a mere voluntary agreement or gratuitous promise, yet if possession be given under such agreement or gift, upon a meritorious consideration, such as blood or close relationship by affinity, and valuable improvements be made

on the land by reason of faith in that promise or agreement, the performance thereof will be decreed, and *slight improvements, if of a valuable and permanent character, will suffice."* (Italics ours.) *Hughes* v. *Hughes,* 72 *Ga.* 173. As we see it, under the allegations of the present petition, there is and can be no question but that the improvement alleged to have been erected on the property was a *valuable, substantial,* and *permanent* improvement. The only question which seems to us to be material is: Who erected the improvement? It is true that the petition alleges that the donor made an absolute gift of the money to the donee, and the petition alleges as a conclusion of law that such funds were the funds of the donee. On the other hand, construing the allegations of the petition most strongly against the pleader, it appears that the donor really in fact desired to have a house erected on the property, which he desired to give to the donee, but that instead of pursuing this plan, he merely placed a sum of money at the disposal of the donee for the expressed and understood purpose *of erecting the house* in question *on the tract of land,* the subject of the oral gift. We held that under such facts, in so far as the money thus donated by the donor was concerned, its use by the donee in the erection of the house amounted to nothing more than an improvement by the donor, and would not place the donee in the equitable position that a revocation of the gift would be unjust, inequitable, and a fraud upon the donee. This ruling, we are convinced, is correct. It is true, as a general rule, that the money expended by a donee in the erection of an improvement upon the property given to him by his donor is not necessarily controlling in determining whether or not a revocation of the gift of the land would be unjust, inequitable, and a fraud upon the donee. A donee may greatly improve property given him by the application of his own labor, such as clearing or cultivating the land, and the ruling here announced, that the amount expended should be a substantial amount, would have no direct application to such a case. However, in such a case as that, there is no question as to who made the improvement. In the present case we deal with only one entire improvement which, in so far as we are left to assume under the allegations of the petition, was not built by the donee with his own labor. In such a case we can not but believe that the amount of money contributed by the donee in the erection of this house is

a most material factor, and that the amount so contributed should be a substantial amount, because, if the donee contributed an inconsequential amount the conclusion is inescapable that the improvement remains an improvement by the donor and not the donee. The court is not now called upon to decide what amount would be a substantial amount. As a general rule, this question would be one for the determination of the jury, although in certain cases the court might be authorized to conclude as a matter of law that a particular amount was not sufficient to comply with the rule here announced.

*Rehearing denied. Broyles, C. J., and Guerry, J., concur.*