### 43206. RESERVE INSURANCE COMPANY v. ASSOCIATES DISCOUNT CORPORATION et al.

ARGUED NOVEMBER 9, 1967—DECIDED DECEMBER 5, 1967.

*Westmoreland & Patterson, Rudolph N. Patterson,* for appellant.

*W. J. Patterson, Jr.,* for appellees.

JORDAN, Presiding Judge. 1. The appeal in this case being from a ruling antedating the new Civil Practice Act the provisions of that Act do not apply. See *Abercrombie v. Ledbetter-Johnson Co.,* 116 Ga. App. 376 (157 SE2d 493).

2. The defendant insurer, as the appellant in this court, asserts in its third enumerated error that the trial court should have dismissed the petition as to the insured, Vernon Reynolds, because he was not the sole owner of the insured property when the insurer issued the policy. In support the insurer cites numerous holdings by this court and the Supreme Court which upon analysis disclose situations where the insurance was void by reason of the failure of the insured to meet conditions of sole and unconditional ownership as required by the terms of the policy either because of an unrevealed encumbrance or because of some other reason disclosing that the insured was not the owner. E.g., see *Widincamp v. Phenix Ins. Co.,* 4 Ga. App. 759 (62 SE 478); *Liverpool & London & Globe Ins. Co. v. Hughes,* 145 Ga. 716 (89 SE 817); *Springfield Fire &c. Ins. Co. v. Chero Cola Bottling Co.,* 22 Ga. App. 503 (96 SE 332); *Peoples Credit Clothing Co. v. Old Colony Ins. Co.,* 47 Ga. App. 819 (171 SE 587).

Nevertheless, one who shows a perfect equity in property, even though he does not have legal title, is the owner to meet the requirement of a fire insurance policy that the insurance is void unless the building is on ground owned by the insured in fee simple. *National Fire Ins. Co. v. King,* 49 Ga. App. 457 (176 SE 64). Also see *Norwich Union Fire Ins. Soc. v. Sawyer,* 57 Ga. App. 739 (196 SE 223). Where a husband purchases an automobile with an initial payment of money belonging to his wife, and executes a retention title contract with the seller, and the wife pays out of her funds the entire balance due, the husband takes title as her trustee under an executed trust, and the entire legal and beneficial interest in the property is thereby vested in her. *Watts v. Taylor,* 36 Ga. App. 537 (137 SE 119).

We think the requirements under the insurance policy in this

case are clear. If any entry appears in the space provided on the face of the policy showing that any loss is payable to the insured and another, the insurer is put on notice of some interest in the property by the insured and someone other than the insured, in this case Associates Discount Corporation. By the printed statement immediately following, that the automobile is unencumbered unless otherwise stated, the footnote showing the absence of an entry to mean "No exceptions," and the further statement that the insured is the sole owner except with respect to bailment lease, etc., or other encumbrance, the presence of an entry discloses an encumbrance on the property. Thus the insurer in this case had notice that the insured, Vernon Reynolds, was the sole owner of the automobile except for some encumbrance on the part of Associates Discount Corporation. As shown by the *National Fire* and the *Watts* cases, supra, holder of legal title and owner are not necessarily synonymous terms, and one may be an owner and in possession without having actual legal title. In the present case under the allegations of the petition it is clear that the true owner is the minor son and not the father, subject to the encumbrance, including retention of legal title, on behalf of Associates Discount Corporation. These disclosures meet the conditions of the policy, without regard to whether it would have been proper to issue the insurance on the vehicle in the name of the father, or jointly in the name of the father and son, as suggested by the insurer in its brief. It follows that the contention of the insurer that the insured is not covered by the insurance policy because he is not the sole owner of the property under the terms of the policy is without merit.

3. The insurer contends under its fourth enumerated error that the trial court should have dismissed the petition as to Associates Discount Corporation because the insured is not the sole owner of the property and is in no way indebted to Associates Discount Corporation. That the insured is the sole owner of the vehicle within the terms of the policy, i.e., the owner subject to a disclosed encumbrance, is answered by the holding in the second division of the opinion. Whatever the effect of the arrangement whereby the purchase and security transaction were

executed in the name of the father in order to avoid a contract with a minor, the encumbrance is shown by the allegations to cover an interest in the insured property, and even without resort to the long form loss payable clause, the insurer is obligated by the terms on the face of the policy to cover a loss as interest may appear to Associates Discount Corporation, whose insurable interest as alleged in the petition is clearly within the term as defined in the Georgia Insurance Code. See *Code Ann.* § 56-2405. Moreover, resort to the long form loss payable clause (NAUA No. 51b), shown by the allegations of the petition to be a part of the contract, affords an even stronger position for Associates Discount Corporation, for it is clearly designed so that under certain conditions it would have the effect of an independent contract between the party having a security interest in the property and the insurer, despite the acts of an insured owner which might otherwise invalidate the policy. See *Mechanics Ins. Co. v. Goodwin,* 48 Ga. App. 823, 826 (174 SE 160). There is no merit in the fourth enumerated error.

4. The insurer contends under its fifth enumerated error that recovery is precluded by the failure to file proof of loss within the terms of the policy. The allegations of the petition are clear to the effect that on October 7, 1966, long before the original expiration date for filing proof of loss, a representative of the insurer denied any coverage whatsoever and attempted to return the premium, and that on February 10, 1966, the insurer confirmed this position on the basis of its own investigation, although at the same time it invited Associates Discount Corporation to submit proof to the contrary. The allegations of the petition are sufficient to show, upon proper proof, a waiver of the time requirements of the policy in respect to submitting proof of loss. See *Code Ann.* § 56-2427; *Phenix Ins. Co. v. Searles,* 100 Ga. 97, 98 (4) (27 SE 779); *Reserve Ins. Co. v. Campbell,* 107 Ga. App. 311, 314 (130 SE2d 236); *Progressive Mut. Ins. Co. v. Burrell Motors, Inc.,* 112 Ga. App. 88 (2) (143 SE2d 757); *Ga. Mut. Ins. Co. v. Morgan,* 115 Ga. App. 520 (154 SE2d 720).

5. Under the sixth enumerated error the insurer contends that there can be no recovery for the loss of a 1966 automobile when

on its face the petition shows that the insured automobile was a 1965 model. The petition refers to the purchase and loss of a 1965 Comet, but shows a security instrument on a 1966 Comet, #6H27C503608[1], and insurance on a 1965 Comet, #6H276503608, and correspondence directed to the insurer by Associates Discount Corporation on a 1966 Comet, #6H276503608. It is clear from the petition as a whole, however, despite these discrepancies, that recovery is sought for the loss of a single vehicle purchased in the name of the father for the son covered by a security instrument and a policy of insurance. We consider the allegations sufficient to withstand a general demurrer seeking to defeat recovery on the basis that the petition fails to state a cause of action. Under the pleadings now before this court on appeal it is a jury question for proper proof whether the property destroyed is the same as that described in the security instrument and the insurance policy, and whether, if incorrectly described in the insurance policy as to model year or number, the description was materially misleading to the insurer, although clarification in the pleadings as to the correct description and the reason for any discrepancy could have been sought by special demurrer. See *Code Ann.* § 56-2409 as to the effect of misrepresentation.

6. In the seventh enumerated error the insurer asserts that the petition is subject to dismissal because the loss payee, Associates Discount Corporation, failed to inform the insurer of a change in ownership, as required by the terms of the policy, when it had actual knowledge that Johnny C. Reynolds, not Vernon Reynolds, was the sole owner of the automobile. This contention assumes a fact of ownership contrary to the allegations of the petition, and is controlled by the construction placed on the pleadings in the second division of this opinion.

7. The first two enumerated errors raise the issue generally of whether the petition states a cause of action, but are argued and supported by citation of authority only as heretofore shown.

---

[1]Dehors the record this court notes that this number is in accord with the manufacturer's system of numbering, and identifies the vehicle as a 1966 Comet.

We are of the opinion that the petition, as twice amended, does set forth a cause of action by both plaintiffs against the defendant insurance company, and that the trial judge did not err in overruling the defendant's renewed general demurrer.

*Judgment affirmed. Deen and Quillian, JJ., concur.*