■ In the Matter of 97 FIFTH AVENUE CORPORATION, Appellant, against ROBERT C. WEAVER, as State Rent Administrator, Respondent, and MAX SCHATZBERG, Intervenor-Respondent.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Peck, P. J., Breitel, Cox, Frank and Bastow, JJ.

■ In the Matter of the Arbitration between LAWARENCE BLAKE et al., Copartners Doing Business as HELEN CURTIS SPORTSWEAR, Appellants, and TOWNBROOKE FABRICS, INC., Respondent. — Judgment and order unanimously affirmed, with $50 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Breitel, Cox, Frank and Bastow, JJ.

■ DANIEL FRIEDMAN, Respondent, v. SAMUEL MARCO et al., Appellants. — Order unanimously reversed, with $20 costs and disbursements to the appellants and the motion granted, upon the ground that it appears from the agreement between the parties that its purpose is to violate the Insurance Law with regard to sharing agents' commissions. Nothing contained in the affidavits changes the effect of the agreement, as pleaded and written. Judgment is directed to be entered in favor of the defendants dismissing the complaint herein, with costs. Concur — Peck, P. J., Breitel, Cox, Frank and Bastow, JJ.

■ CHRISTIAN DIOR et al., Respondents, v. FREDERICK L. MILTON, Appellant, et al., Defendants.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Peck, P. J., Breitel, Cox, Frank and Bastow, JJ.

■ LORENZO J. POWER et al., Respondents, v. JACOB FALK, Individually and as Trustee for the Plaintiffs, et al., Appellants, et al., Defendants.— The allegations of the complaint state but one cause of action in the individual right of plaintiffs. With the exception of the plaintiff Eileen Reynolds Power, all of the plaintiffs have capacity to sue in their own right. The motions to dismiss the complaint and to require a separate statement of causes of action were therefore properly denied. The allegations in paragraphs 12, 13 and 14 of the complaint respecting the heirship of unrepresented interests are irrelevant and confusing and should be stricken on the motion made under rule 103 of the Rules of Civil Practice. The forepart of those paragraphs identifying the unrepresented interests and indicating that they are awaiting representation through estate administration may remain as explanatory matter. The inclusion of Eileen Reynolds Power as party plaintiff is plainly unwarranted, but none of the motions made at Special Term would reach this misjoinder. We may expect it to be corrected, however, in the amended complaint which should be served omitting the matters stricken. · The order appealed from is unanimously modified by striking from paragraph 12 all of the allegations after the word " appointed " in the 7th line, from paragraph 13 all of the allegations after the word " appointed " in the 8th line, and from paragraph 14 all of the allegations after the word " estate " in the 10th line and, as so modified, affirmed, with $20 costs and disbursements to the appellants. Settle order on notice. Concur — Peck, P. J., Breitel, Cox, Frank and Bastow, JJ. [See post, p. 887.]

■ In the Matter of the Removal of JOSE DE LANDA as Trustee under a Declaration of Trust Made by ISABEL VAN WIE WILLYS, Deceased. JOSE DE LANDA, Appellant; VIRGINIA W. LUCOM et al., Respondents.— Order denying appellant's motion to dismiss the petition herein, order denying appellant's motion for judgment herein, and order granting petitioner's motion to strike out certain portions of appellant's answer herein, unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Peck, P. J., Breitel, Cox, Frank and Bastow, JJ.