Burton S. Sherman, J.
A judgment creditor moves pursuant to CPLR 5225 (subd [a]) for an order directing the judgment debtor to turn over to the sheriff stock certificates in his professional corporation to satisfy an unpaid judgment. This is of course a traditional remedy and would present no problem except for the question of whether stock certificates in a professional corporation because of their unique character are subject to turnover and if so, whether such a direction would achieve the desired result of satisfaction of the judgment.
The judgment of $9,931.40 was obtained for alimony arrears. The judgment debtor is a psychiatrist who is incorporated as a professional corporation. It is alleged that in the 1973-1974 fiscal year the corporation earned $82,599 and in the first 11 months of the 1974 calendar year earned $63,000. During this period the corporation paid rent on the judgment debtor’s residence and office of $8,400, paid over $3,000 for travel and entertainment and paid $1,460 for motor vehicles. It also paid $6,464 in medical expenses for the judgment debtor and his present wife. He states that partial payments of current alimony leave him with but $90 a week.
Article 15 of the Business Corporation Law (Professional Service Corporations) is of recent enactment. (Added L 1970, ch 974.) In approving the bill the Governor’s memorandum stated its purpose to be that "professionals will be able for the first time to utilize the corporate form of business to permit them to organize their activities more efficiently and to make available to them and to their employees Federal tax benefits now accorded to executives and employees in all other business endeavors.” (NY Legis. Ann., 1970, p 529.) The law provides economic advantages but at the same time continues to safeguard the traditional concept of individual responsibility of the professional to his patient or client and inferentially continues State regulation of professional conduct. For this reason it prevents alienation of stock except to another professional. (Memorandum of Senator Anthony B. Gioffre, NY *884 Legis. Ann., 1970, p 126.) However, section 1511 of Business Corporation Law in restricting the transfer of shares in a professional corporation states: "Nothing herein contained shall be construed to prohibit the transfer of shares by operation of law or by court decree. No transferee of shares by operation of law or court decree may vote the shares for any purpose whatsoever except with respect to corporate action under section * * * one thousand one”. Section 1001 of the Business Corporation Law provides for dissolution of a corporation by a vote of the holders of two thirds of all outstanding shares. From the foregoing it is clear that while the professional corporation law restricts stock it does not restrict the courts from directing a turnover of such stock to satisfy a judgment. This is in keeping with the traditional power of courts to disregard a corporate entity where it is used improperly. And a professional corporation, like any other corporation cannot be used as a subterfuge to avoid payment of a personal judgment. (See cases cited 11 NY Jur, § 11, p 187; Telis v Telis, 26 A2d 249). The court concludes that it can direct delivery under CPLR 5225 (subd [a]) of shares of stock in a professional corporation to satisfy a judgment.
Under CPLR 5225 (subd [a]) delivery of the property to the sheriff must be made for the sole purpose of a sale to satisfy the judgment. (CPLR 5233; Weinstein-Korn-Miller, NY Civ Prac, par 5225.06.) In this case because of the lack of marketability of the stock and the difficulty in determining its true value, it is unlikely that a turnover to the sheriff would result in satisfying the judgment. Accordingly it is directed that the stock be turned over to a receiver to do any act "designed to satisfy the judgment” (CPLR 5228) including dissolution of the corporation as provided in section 1511 and section 1001 of the Business Corporation Law. This disposition is confined to the relief sought in this application under CPLR 5225 (subd [a]). It does not hold that this is an exclusive remedy. The motion is granted.