710 F.2d 87
 1983-1 Trade Cases 65,459
 SAXE, BACON & BOLAN, P.C., Roy M. Cohn, Thomas A. Bolan,
Stanley M. Friedman, Michael Rosen, Thomas A. Andrews, John
F. Lang, Louis Biancone, B. Vincent Carlesimo, Filip
Tiffenberg, Lawrence Abramson, Theodore Teah, Lawrence
Campanelli, Plaintiffs-Appellants,
v.
MARTINDALE-HUBBELL, INC., Defendant-Appellee.
 No. 588, Docket 82-7627.
 United States Court of Appeals,
Second Circuit.
 Argued Dec. 15, 1982.
Decided June 15, 1983.
 
 Roy M. Cohn, New York City (Saxe, Bacon & Bolan, P.C., New York City, pro se), for plaintiffs-appellants.
 Robert MacCrate, New York City (Sullivan & Cromwell and Nadine Strossen, New York City, of counsel), for defendant-appellee.
 Before OAKES, VAN GRAAFEILAND and MESKILL, Circuit Judges.
 VAN GRAAFEILAND, Circuit Judge:
 
 
 1
 Saxe, Bacon & Bolan, P.C., a New York professional legal service corporation, and twelve of its affiliated attorneys appeal from a summary judgment of the United States District Court for the Southern District of New York (Sweet, J.) dismissing their claims for damages and injunctive relief under New York's Donnelly Act, N.Y.Gen.Bus.Law Secs. 340-347 (McKinney 1968 & Supp.1982). We affirm.
 
 
 2
 Martindale-Hubbell, Inc. (Martindale), a Delaware corporation with its principal place of business in New Jersey, publishes the Martindale-Hubbell Law Directory. The lawyer-listing portion of this publication is divided into two sections, "Geographical", which lists the members of the United States' and Canadian Bars, and "Biographical", which publishes at prescribed rates the "professional cards" of subscribing law offices. Aided by confidential recommendations from lawyers and judges, Martindale gives firms legal ability ratings ranging from a high of "a" to a low of "c" and decides whether to award each firm a general recommendations rating reflecting that firm's adherence to ethical standards. Only those firms that receive both a general recommendations rating and either an "a" or "b" legal ability rating are eligible for inclusion in the Biographical Section.
 
 
 3
 Appellants commenced this action in Supreme Court, New York County, in August of 1980, alleging that Martindale's refusal to list Saxe, Bacon in the Biographical Section constituted a violation of the Donnelly Act. Martindale removed the action to the Southern District of New York on the ground of diversity, 28 U.S.C. Sec. 1441(a), and Judge Sweet twice denied motions to remand. By opinion dated June 25, 1982, Judge Sweet granted Martindale's motion for summary judgment addressed to appellants' second amended complaint. This appeal followed.
 
 Motions to Remand
 
 4
 Saxe, Bacon says that the district court's decision not to remand this suit was error, since, in Saxe, Bacon's view, professional corporations must be treated as partnerships for diversity purposes. We disagree. For purposes of removal under section 1441(a), a corporation is deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. Sec. 1332(c). Whether Saxe, Bacon, a New York firm, is a corporation for diversity purposes must be determined by New York law. Baer v. United Services Auto. Ass'n, 503 F.2d 393, 394-95 (2d Cir.1974); Brocki v. American Express Co., 279 F.2d 785, 786 (6th Cir.), cert. denied, 364 U.S. 871, 81 S.Ct. 113, 5 L.Ed.2d 92 (1960).
 
 
 5
 Saxe, Bacon was organized under Article 15 of the New York Business Corporation Law. N.Y.Bus.Corp.Law Secs. 1501 et seq. (McKinney Supp.1982). Article 15 was enacted to permit professionals "to utilize the corporate form of business to permit them to organize their activities more efficiently and to make available to them and to their employees Federal tax benefits now accorded to executives and employees in all other business endeavors." Udel v. Udel, 82 Misc.2d 882, 883, 370 N.Y.S.2d 426 (1975) (quoting N.Y.Legis.Ann., 1970, p. 529). Although the ethical and professional obligations which individual shareholders of professional corporations owe their clients preclude the grant to them of all the benefits of incorporation, id., see Bus.Corp.Law Secs. 1504-1512, except as so limited, the provisions of New York's Business Corporation Law applicable to ordinary business corporations are also applicable to professional corporations. Bus.Corp.Law Sec. 1513. See, e.g., Connell v. Hayden, 83 A.D.2d 30, 58-59, 443 N.Y.S.2d 383 (1981). Saxe, Bacon is a corporation under New York Law and is therefore a citizen of New York for purposes of 28 U.S.C. Sec. 1332(c).
 
 
 6
 The question whether the New Jersey residence of three of the individual plaintiffs destroys the complete diversity required for federal jurisdiction has been answered in the negative by the district court in an opinion reported in 521 F.Supp. at 1046. We will not attempt to enlarge upon the district court's thorough and well-reasoned discussion.
 
 
 7
 We find no merit in appellants' contention that, assuming the district court had jurisdiction in this matter, it nonetheless should have abstained from exercising it. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 813-19, 96 S.Ct. 1236, 1244-47, 47 L.Ed.2d 483 (1976); Quinn v. Aetna Life & Cas. Co., 616 F.2d 38, 41 (2d Cir.1980).
 
 The Merits
 
 8
 New York's Donnelly Act prohibits "[e]very contract, agreement, arrangement or combination" which establishes a monopoly or restrains the free exercise of competition in any business, trade or commerce in New York. Gen.Bus.Law Sec. 340 (McKinney 1968 & Supp.1982). Appellants have made no showing that Martindale's allegedly wrongful conduct falls within this statutory prohibition. Despite appellants' allegations upon information and belief that appellee acted in concert with three named individuals, it is clear, from the uncontested affidavits of those persons and appellants' Local Rule 3(g) statement, that there is no genuine issue of fact concerning the falsity of this allegation.
 
 
 9
 The New York courts have interpreted the Donnelly Act to require the existence of a "reciprocal relationship of commitment between two or more legal or economic entities" before liability may be found, State v. Mobil Oil Corp., 38 N.Y.2d 460, 464, 381 N.Y.S.2d 426, 344 N.E.2d 357 (1976), at least where the defendant is not a public utility subject to the New York Public Service Law, id. at 466 n. 4, 381 N.Y.S.2d 426, 344 N.E.2d 357. We already have taken cognizance of that interpretation, Venture Technology, Inc. v. National Fuel Gas Co., 685 F.2d 41, 42 & n. 1, 45 (2d Cir.), cert. denied, --- U.S. ----, 103 S.Ct. 362, 74 L.Ed.2d 398 (1982), and have no reason to believe that this was done in error. As in the case of Hester v. Martindale-Hubbell, Inc., 659 F.2d 433 (4th Cir.1981), cert. denied, 455 U.S. 981, 102 S.Ct. 1489, 71 L.Ed.2d 691 (1982), which was decided under the similar provisions of section 1 of the Sherman Act, 15 U.S.C. Sec. 1, Martindale's unilateral refusal to publish Saxe, Bacon's "professional card" was not unlawful.
 
 
 10
 Assuming for the argument that a unilateral refusal to deal falls within the scope of the Donnelly Act, appellants do not contend that appellee's refusal to list Saxe, Bacon had, or was intended to have, an anti-competitive effect in the market in which appellee competes--the publishing of legal directories. See United States v. E.I. DuPont de Nemours & Co., 351 U.S. 377, 76 S.Ct. 994, 100 L.Ed. 1264 (1956). Under established principles of antitrust law, appellee had the right in such circumstances to exercise its independent discretion as to the parties with whom it would deal. United States v. Colgate & Co., 250 U.S. 300, 307, 39 S.Ct. 465, 468, 63 L.Ed. 992 (1919); 3 Von Kalinowski, Antitrust Laws and Trade Regulation Sec. 8.02 (1982); see Official Airline Guides, Inc. v. FTC, 630 F.2d 920 (2d Cir.1980), cert. denied, 450 U.S. 917, 101 S.Ct. 1362, 67 L.Ed.2d 343 (1981); Dior v. Milton, 9 Misc.2d 425, 441, 155 N.Y.S.2d 443, aff'd, 2 A.D.2d 878, 156 N.Y.S.2d 996 (1956).
 
 
 11
 The judgment of the district court is affirmed.