James M. BARNETT, Jr., Plaintiff,

v.

**NORFOLK & DEDHAM MUTUAL FIRE INSURANCE COMPANY,**
Defendant.

**Civ. A. No. 1:90–CV–2853–JOF.**

United States District Court,
N.D. Georgia,
Atlanta Division.

July 1, 1991.

Walter H. Beckham, Atlanta, Ga., for plaintiff.

Robert M. Finlayson, Richard Dale Hall, Mozley, Finlayson & Loggins, Atlanta, Ga., for defendant.

## ORDER

FORRESTER, District Judge.

This matter is before the court on a number of related motions.

## I. HISTORY OF THE CASE

Plaintiff filed a complaint on November 27, 1990 in the Superior Court of Newton County, Georgia, seeking payment under a fire insurance policy on plaintiff's home. Defendant filed a notice of removal on December 27, 1990. On January 11, 1991 defendant filed a motion to amend its answer to add a twelfth defense and a counterclaim against plaintiff. On January 18, 1991 plaintiff moved to remand the action to the Newton County Superior Court on grounds that diversity of citizenship was lacking. Plaintiff argued that because defendant was a mutual insurance company rather than a stockholder corporation, the provisions for corporate citizenship in 28 U.S.C. § 1332 did not apply and complete diversity was lacking. Plaintiff also argued that defendant should be treated as a resident of Georgia under O.C.G.A. § 33–4–1.

Defendant then moved to amend the notice of removal to state clearly that defendant was incorporated under Massachusetts law with its principal place of business located in Dedham, Massachusetts. In its brief in opposition to the motion to remand, defendant included an affidavit by its secretary, Robert Fowler, stating that defendant had been incorporated in the state of Massachusetts since the early 1800's. Fowler stated that his affidavit was based on his personal knowledge upon the inspection of the corporate records which were in his custody. No copies of any corporate records or the certificate of incorporation were attached.

Plaintiff moved to strike Fowler's affidavit on grounds that it was untimely and that there was no proof that defendant was ever incorporated. Plaintiff's motion was an objection to the affidavit as well as a motion to strike that portion. Plaintiff alternatively asked the court to strike the statement concerning incorporation in the 1800's. Defendant responded to plaintiff's motion by stating that a certified copy of the articles of incorporation of defendant had been ordered from the Massachusetts Secretary of State and would be filed with the court "momentarily."

Defendant then filed an "amended affidavit of Robert Fowler" stating that a certified copy of the articles of incorporation of defendant were attached. The attached documents record the consolidation of the Norfolk Mutual Fire Insurance Company and the Dedham Mutual Fire Insurance Company, both corporations duly organized under Massachusetts law, into a new corporation, the Norfolk & Dedham Mutual Fire Insurance Company. Plaintiff then moved to strike a portion of the amended affidavit on grounds that the 1937 merger agreement could not be characterized as the articles of incorporation.

## II. MOTION TO REMAND

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action brought in a state court to the District Court of the United States in the district and division embracing the place where the action is pending, if the case is within the United States District Court's original jurisdiction. The Federal District Courts have original jurisdiction of civil actions where the amount in controversy exceeds $50,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). For purposes of determining whether diversity jurisdiction exists, corporations are deemed citizens of any state in which they are incorporated and of the state where they have their principal place of business. 28 U.S.C. § 1332(c)(1).

The propriety of removal in the case *sub judice* turns on whether defendant is a corporation within the meaning of § 1332(c)(1). Whether an entity is a corporation for diversity purposes must be determined by state law. *Mutual Service Cas. Ins. Co. v. Country Life Ins.*, 859 F.2d 548, 550 (7th Cir.1988); *Saxe, Bacon & Bolan, P.C. v. Martindale–Hubbell*, 710 F.2d 87, 89 (2d Cir.1983); *Brocki v. American Express Co.*, 279 F.2d 785, 786 (6th Cir.), *cert. denied*, 364 U.S. 871, 81 S.Ct. 113, 5 L.Ed.2d 92 (1960). When the appropriate regulatory agency has recognized that the entity has been properly incorporated pursuant to that state's law, no further inquiry is appropriate. *Fritz v. American Home*

*Shield Corp.,* 751 F.2d 1152, 1154 (11th Cir.1985).

If an entity is treated as a corporation under state law, it matters not for purposes of diversity jurisdiction whether the corporation is formally shareless or has members rather than shareholders. *National Ass'n of Realtors v. Nat. Real Estate Ass'n, Inc.,* 894 F.2d 937, 939 (7th Cir.1990); *Mutual Service Cas. Ins. Co. v. Country Life Ins.,* 859 F.2d 548, 551 (7th Cir.1988); *Coté v. Wadel,* 796 F.2d 981, 983 (7th Cir.1986); *Saxe, Bacon & Bolan, P.C. v. Martindale–Hubbell, Inc.,* 710 F.2d 87, 89 (2d Cir.1983). Thus, mutual insurance companies that are incorporated under state law are treated as corporations under 28 U.S.C. § 1332. *Mutual Service Cas. Ins. Co.,* 859 F.2d at 551; *see also Coté v. Wadel,* 796 F.2d at 983 (unincorporated reciprocal insurance association treated as if it were incorporated because associations were subject to the same regulation as incorporated insurance companies). Finally, "the mere fact that a corporation is doing business or is licensed to do business in a state does not make it a citizen of that state for purposes of diversity jurisdiction." *Sanders Co. Plumbing and Heating, Inc. v. B.B. Andersen Const. Co.,* 660 F.Supp. 752, 757 (D.Kan.1987) (citing *Moore's Federal Practice* § 0.77[1–3], at 717.10); *Jim Walter Investors v. Empire–Madison, Inc.,* 401 F.Supp. 425, 426–27 (N.D.Ga.1975).

Plaintiff's reliance on *United Steelworkers of America, AFL–CIO v. R.H. Bouligny, Inc.,* 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965), is misplaced. In *Bouligny,* the Supreme Court refused to treat an *unincorporated* labor union as a citizen for purposes of conferring diversity jurisdiction. In the case *sub judice* defendant is incorporated under Massachusetts law. Under Massachusetts law "the general principles of law relative to the powers, duties and liabilities of corporations shall apply to all incorporated domestic companies, including mutual insurance companies having members rather than stockholders. *See* Mass.Gen.Laws Ann. Chapter 175 § 30.

Plaintiff's objections to the affidavit of Robert Fowler were noted by the court when considering the motion to remand. Therefore, it is unnecessary to strike the affidavit. Plaintiff's objections to the amended affidavit of Robert Fowler are not well taken. The certified documents attached to the affidavit are indeed the articles of incorporation of defendant. Both motions to strike are DENIED. Defendant's motion for leave to file amended notice of removal is GRANTED. Plaintiff's motion to remand is DENIED.

### III. MOTION TO AMEND ANSWER AND ASSERT OMITTED COUNTERCLAIM

Defendant seeks leave of the court to amend his answer to add a twelfth defense that plaintiff failed to file a proper proof of loss as a condition precedent to the filing of a lawsuit. Defendant also seeks to assert a counterclaim against plaintiff for $35,671.40 paid by defendant to C & S Family Credit, Inc., the named mortgagee of the subject property.

The motion was filed within twenty days after service of defendant's answer as required for amendments of right under Rule 15(a). Defendant also asserts that Rule 13(f) provides an alternative basis for allowing assertion of the counterclaim which was omitted from defendant's original answer.

Plaintiff objects to the proposed amendment, arguing that neither the defense nor the omitted counterclaim has any basis in fact or law. Plaintiff argues that until a final determination is made of defendant's liability under the policy, defendant cannot maintain a suit against plaintiff or the property for the amount defendant paid on the mortgage. Plaintiff states that defendant will have a right to declare a default, accelerate the entire indebtedness, and eventually foreclose on the property only if plaintiff fails to pay the mortgage after defendant has been found not liable under the policy. Thus, plaintiff argues that defendant has no direct or immediate action against plaintiff.

However, plaintiff has failed to show the court any reason why plaintiff would not be liable to defendant for the amount paid to the mortgagee if defendant is not liable by reason of plaintiff's alleged arson. Plaintiff's liability on the counterclaim can be determined immediately upon resolution of plaintiff's claim. There is no reason to force defendant to wait and file a second suit.

The standards for permitting the addition of an omitted counterclaim under Rule 13(f) generally coalesce with the standards for permitting amendment of a pleading under Rule 15(a). *T.J. Stevenson & Co., Inc. v. 81,193 Bags of Flour*, 629 F.2d 338, 370 (5th Cir.1980); *Spartan Grain & Mill Co. v. Ayers*, 517 F.2d 214, 220 (5th Cir.1975). Thus, it should make little difference whether an amendment to raise an omitted counterclaim is brought under Rule 13(f) or 15(a). *T.J. Stevenson & Co., Inc.*, 629 F.2d at 370 n. 68 (citing 3 *Moore's Federal Practice* § 15.07(3)). Amendment is to be freely granted especially where an omitted counterclaim is compulsory. *Id.; Spartan Grain & Mill Co.*, 517 F.2d at 220. Fed.R.Civ.P. 15(a) declares that leave to amend "shall be freely given when justice so requires." While the decision whether to grant leave to amend is entrusted to the trial court's discretion, a proposed amendment should always be granted absent compelling circumstances. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971). Unless a substantial reason exists to deny leave to amend, the discretion of the trial court is not broad enough to permit denial. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *U.S. for the Use and Benefit of Krupp Steel Products, Inc. v. Aetna Ins. Co.*, 831 F.2d 978, 981 (11th Cir.1987). The motion for leave to amend defendant's answer and to assert an omitted counterclaim is GRANTED.

Defendant seeks to add the defense that,

Plaintiff's complaint is barred because plaintiff did not file a proper Proof of Loss with defendant as is required by the policy of insurance. Such filing of a

Proof of Loss is a condition precedent to plaintiff's filing of the lawsuit.

Defendant denied liability under the policy by a letter to plaintiff dated August 8, 1990. This letter was attached to the complaint. While the letter asserts that the proof of loss submitted by plaintiff was improper, it also asserts two other sufficient grounds for denial of liability under the policy.

Plaintiff correctly argues that it has been long established in Georgia that when an insurer denies any liability under a policy before the expiration of the contractual period for filing a proof of loss, the insurer waives its right to demand the filing of a proof of loss as a prerequisite to bringing suit under the policy. *Reserve Ins. Co. v. Associated Discount Corp.*, 116 Ga.App. 792, 159 S.E.2d 97 (1967); *Reserve Ins. Co. v. Campbell*, 107 Ga.App. 311, 130 S.E.2d 236 (1963); *Boston Ins. Co. v. Harmon*, 66 Ga.App. 383, 18 S.E.2d 84 (1941). Thus, it appears that defendant's twelfth proposed defense is without colorable merit.

The court may deny a motion for leave to amend when amendment would be futile. *Bamm, Inc. v. GAF Corp.*, 651 F.2d 389, 391 (5th Cir.1981); *Paschal v. Florida Public Emp. Relations Comm.*, 666 F.2d 1381 (11th Cir.1982); *Halliburton & Assoc., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 444 (11th Cir.1985). In the case at bar, the amendment must be allowed because it was made within the time period for amending as of right under Fed.R.Civ.P. 15(a). Nonetheless, the defense is subject to attack by a motion to strike. Under Rule 12(f) the court may on its own initiative order an insufficient defense stricken from an answer. Such an order is appropriate in this case.

Defendant's motion to amend is GRANTED. However, the court ORDERS defendant's twelfth defense STRICKEN from defendant's amended answer.

SO ORDERED.