21 F.3d 1114
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George LADONICOLAS, Plaintiff-Appellant,
v.
Donald BEURY, Esq., and Beury & Schubel, P.C., Defendant-Appellees.
 No. 92-16555.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 14, 1994.
Decided April 1, 1994.
 
 1
 Before: SCHROEDER and NOONAN, Circuit Judges, and JONES,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant, the beneficiary of a trust which was improperly executed, sued the attorney who drafted the trust and his defunct law firm for legal malpractice. The district court granted defendants' motion to dismiss on the basis that appellant, under Nevada law, lacked standing to maintain his cause of action and denied appellant's motion to remand as moot.
 
 
 4
 Appellant alleges the district court erred (1) in dismissing the case before it ruled on appellant's motion to remand to state court for lack of diversity citizenship and (2) in finding that plaintiff lacked standing to sue for malpractice because he was not in privity with defendants.
 
 
 5
 We find no error and affirm.
 
 FACTS AND PROCEEDINGS
 
 6
 A will executed by Beverly Cassel ("Cassel") on August 11, 1983, created a trust providing for various gifts. Upon termination of the trust, the remaining assets were to be divided equally between George Ladonicolas, Cassel's live-in boyfriend, and her adopted daughter Dawn Cassel.
 
 
 7
 Cassel met with Donald Beury ("Beury"), a stockholder in the Nevada law firm of Beury & Schubel ("the firm") on February 19, 1988, regarding a new, revocable trust which would make Ladonicolas the sole beneficiary of Cassel's residuary estate. No document was executed that day.
 
 
 8
 Later in 1988, the firm closed its Las Vegas office and both stockholders moved to California, with Beury taking a job as a public defender in San Diego. In May, 1989, Beury mailed the trust document to Cassel. She signed the document on August 29, 1989 in Nevada. More than one month earlier, on July 26, 1989, the firm, a professional corporation, was dissolved.
 
 
 9
 Cassel died in March, 1991. The revocable trust failed, among other reasons, because it was never funded, and Cassel's estate was divided pursuant to the terms of her 1983 will. Ladonicolas alleges that he was not made the sole beneficiary of Cassel as was her intention and thereby suffered financial loss.
 
 
 10
 Ladonicolas filed a complaint in state court in Clark County, Nevada on February 26, 1992, naming Donald Beury and Beury & Schubel, P.C. as defendants. When defendants, claiming diversity, removed this action to federal district court on April 3, 1992, Beury & Schubel--which dissolved on July 26, 1989--was no longer a corporation. Under Nevada law, a corporation ceases to exist once it is dissolved and any suit can only be brought against the trustees of the dissolved corporation.
 
 
 11
 The plaintiff filed an amended complaint naming the trustees of the dissolved corporation on July 17, 1992. District Judge Takasugi issued his order dismissing the first complaint on July 30, 1992. The plaintiff only appealed as to the original complaint. The trustees of the dissolved corporation made a motion to dismiss the amended complaint as well, which District Judge George granted. No notice of appeal was ever filed as to the amended complaint.
 
 STANDARD OF REVIEW
 
 12
 The existence of subject matter jurisdiction is a question of law subject to de novo review by the court of appeals. Kruso v. International Telephone & Telegraph Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). However, a district court's factual findings on jurisdictional issues must be accepted unless they are clearly erroneous. Id.
 
 
 13
 A dismissal for failure to state a claim pursuant to Fed.R.Civ.Pro. 12 is reviewed de novo because it is a ruling on a question of law; that review is limited to the contents of the complaint. Id.
 
 DISCUSSION
 
 14
 1. Jurisdiction and plaintiff's motion to remand.
 
 
 15
 Provided a district court would have had original jurisdiction, it also has removal jurisdiction based on diversity subject to two limitations: (1) none of the defendants may be a citizen of the state in which the district court is located, and (2) diversity must exist both at the time the action was filed in state court and at the time of removal. 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 3723, at 312 (1985).
 
 
 16
 Appellant argues that the firm was at all times a Nevada corporation and that its presence in the action destroyed diversity. It further argues that the district court should have ruled on the motion to remand before deciding the motion to dismiss.
 
 
 17
 Defendants, in their petition for removal, state that the firm has been dissolved and that all principals of the defunct corporation reside outside Nevada. Attached to defendants' petition for removal is a certificate of dissolution signed by Nevada Secretary of State Frankie Sue Del Papa and dated July 26, 1989. Because whether an entity is a corporation for diversity purposes must be determined by state law, Barnett v. Norfolk & Dedham Mut. Fire Ins. Co., 773 F.Supp. 1529, 1530 (N.D.Ga.1991), it follows that courts must also look to state law to determine when an entity is not a corporation for diversity purposes. Thus, when the appropriate regulatory agency has recognized that the corporation has been properly dissolved pursuant to that state's laws, no further inquiry is appropriate. Id.
 
 
 18
 The certificate of dissolution states that it has the effect of "dissolving said corporation pursuant to the provisions of Nevada Revised Statues, 78.580 as amended." Because the appropriate regulatory agency recognized the firm's dissolution pursuant to Nevada law, we need look no further. The corporation is not properly before this court, as we cannot have jurisdiction over non-existent entities. Plaintiff chose not to file an appeal as to the trustees; thus, we have no jurisdiction over the corporation.
 
 
 19
 The remaining defendant, Beury, was a citizen of California, while plaintiff was a citizen of Nevada when this action was filed on February 26, 1992. Defendants removed on April 3, 1992. Both these events took place well over two years after the firm was dissolved. Diversity clearly existed when the action was filed and removed.
 
 
 20
 Judge Takasugi's order denying the motion to remand as moot and granting the motion to dismiss reads:
 
 
 21
 This matter having come before the court on the motion by defendants Donald Beury, Esq. and Beury & Schubel, P.C. to dismiss the motion by plaintiff George Ladonicolas to remand, and the court having considered the pleadings and other documents filed herein and having found that plaintiff lacks standing to maintain the causes of action asserted in the complaint, see Warmbrodt v. Blanchard, 100 Nev. 703, 692 P.2d 1282 (1984), IT IS ORDERED that: 1. The motion by defendants Donald Beury, Esq. and Beury & Schubel, P.C. to dismiss is granted, and 2. The motion by plaintiff George Ladonicolas to remand is denied as moot.
 
 
 22
 Order of July 30, 1992, E.R. 26. Procedurally, Judge Takasugi should have denied the motion to remand before granting the motion to dismiss, but the action he took--determining he had jurisdiction to address appellant's claim--was legally correct.
 
 
 23
 2. Dismissal of the malpractice claim.
 
 
 24
 Judge Takasugi, in granting defendants' motion to dismiss, found that plaintiff lacked standing to maintain the causes of action asserted in his complaint, citing to Warmbrodt v. Blanchard, 100 Nev. 703, 692 P.2d 1282 (1984) ("Warmbrodt"). The Warmbrodt court explained:
 
 
 25
 The elements of a legal malpractice action are "the existence of an attorney-client relationship, the existence of a duty on the part of a lawyer, failure to perform the duty, and the negligence of the lawyer [as a] proximate cause of damage to the client." ... It is the "contractual relationship creating a duty of due care upon an attorney [which is] the primary essential to a recovery for legal malpractice."
 
 
 26
 Id., 692 P.2d at 1285 (citations omitted).
 
 
 27
 The Supreme Court of Nevada restated that holding in a more recent case:
 
 
 28
 In Nevada, legal malpractice is premised upon an attorney-client relationship, a duty owed to the client by the attorney, breach of that duty, and the breach as proximate cause of the client's damages. See Warmbrodt v. Blanchard, 100 Nev. 703, 706-707, 692 P.2d 1282, 1285 (1984).
 
 
 29
 Semenza v. Nevada Medical Liability Ins., 104 Nev. 666, 765 P.2d 184, 185 (1988).
 
 
 30
 Plaintiff argues that by adopting the holding in a California case, Morales v. Field, 160 Cal.Rptr. 239 (Cal.Ct.Ap.1980) ("Morales "), in Charleson v. Hardesty, 108 Nev. 878, 839 P.2d 1303 (1992) ("Charleson "), the Nevada Supreme Court has "essentially discarded the ridged [sic] privity requirement." However, that appears to be an overbroad reading of Charleson, a case involving a trustee who improperly used trust funds.
 
 
 31
 In Charleson, the trial court granted summary judgment for the trust attorney in an action brought against him by the beneficiaries of the trust. In reversing the lower court, the Nevada Supreme Court held that the trust attorney owed a duty of care and fiduciary duties to the beneficiaries if he was the attorney for the trustee and that the beneficiaries had raised a question of fact with regard to a possible breach of those duties. Id. at 1308.
 
 The Charleson court wrote:
 
 32
 The Morales court also noted that "[w]hether an attorney owes ... a duty [to a third person not in privity] is a question of law and depends on a judicial weighing of the policy considerations for and against the imposition of liability under the circumstances."
 
 
 33
 Id. at 1306. (citations omitted). This statement is essentially dicta and not a change in the status of Nevada law regarding the elements of a legal malpractice action. The opinion stops short of extending a duty to all third persons not in privity, calling instead for a balancing by the court of considerations for and against the imposition of liability under the circumstances.
 
 
 34
 The Charleson court did say it agreed with the California courts that when an attorney represents a trustee in his capacity as a trustee, the attorney takes on a duty of care and fiduciary duties toward the beneficiaries as a matter of law. Id. at 1306-07. However, the Charleson facts are distinguishable from the case at bar. Cassel was the grantor of the trust, not the trustee; as such, the third-party beneficiary of a failed, self-executed trust is owed no duty by the grantor's attorney.
 
 
 35
 In sum, any legal malpractice action could only be pursued by the client, not a third-party beneficiary of an intended bequest.
 
 ATTORNEY'S FEES
 
 36
 Appellees seek damages and double costs under Fed.R.App.P. 38, which provides:
 
 
 37
 If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee.
 
 
 38
 While we find appellant's appeal ultimately futile, nothing in the record indicates it was frivolous. Appellees' request for damages and double costs is denied.
 
 CONCLUSION
 
 39
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Robert E. Jones, United States District Judge, District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3