OPINION OF THE COURT
Francesca E. Connolly, J.
On June 13, 2014, the plaintiff obtained a judgment (Adler, J.) in his favor and against the defendant Sammy Eljamal in the principal sum of $4,785,000, and against the defendant Brian Orser in the principal sum of $225,260.[1] The action was commenced to recover damages arising from a false police report filed by Eljamal with the Harrison Police Department claiming that the plaintiff had threatened to kill him. Because of these false accusations, the plaintiff was arrested and forced to stand trial in criminal court. At the trial in this action, the plaintiff demonstrated that Eljamal, through a practice known *363 as “spoofing,” sent a fabricated threatening text message to his own cell phone in a manner which made it appear that the plaintiff had sent the message. This fabricated text message formed the basis of Eljamal’s criminal accusations against the plaintiff. The jury awarded compensatory damages for malicious prosecution, prima facie tort, and abuse of process, and imposed a punitive damage award of $1.5 million.
By decision and order on motion dated August 11, 2014, the Appellate Division, Second Department denied Eljamal’s motion to stay enforcement of the judgment pending hearing and determination of an appeal therefrom (2014 NY Slip Op 80117[U] [2d Dept 2014]).
By order to show cause dated December 19, 2014, the plaintiff seeks an order appointing himself as receiver over Eljamal’s interests in two limited liability companies: New York Fuel Holdings, LLC (hereinafter NY Fuel) and Metro NY Fuels Holdings, LLC (hereinafter Metro Fuel) (hereinafter collectively the Companies). The plaintiff seeks, as receiver, the power to administer and collect Eljamal’s distributions from the Companies, as well as the power to sell Eljamal’s interest in the Companies in satisfaction of the judgment. The plaintiff contends that Eljamal failed to respond to a subpoena to take his deposition on October 9, 2014 and that information subpoenas served on 20 banking institutions failed to locate any of Eljamal’s funds (with the exception of $464.44 in exempt funds). Further, of 35 information subpoenas served on companies in which Eljamal is known to have had an interest, the plaintiff received responses only to two subpoenas, specifically from the subject Companies over which he seeks to be appointed receiver. Separate responses from the chief financial officer of NY Fuel and Metro Fuel indicate that Eljamal owns an 8.627% interest in each of the Companies.
The plaintiff also contends that Eljamal’s house is heavily mortgaged and, therefore, not suitable for execution, and that an income execution would not be a viable method of enforcement given the size of the judgment and the difficulty of ascertaining the identity, if any, of Eljamal’s employer. The plaintiff points out that, while Eljamal has failed to satisfy the instant judgment or respond to any of the information subpoenas, he has boasted in other court proceedings that his companies do over $60 million in business annually and that his close family members have over $3.6 million in readily available funds that are available to his businesses. However, *364 in other actions Eljamal has filed court papers indicating that he recently transferred his interests in a number of companies, evidencing a deliberate attempt to avoid creditors. The plaintiff also contends that he is the ideal person to be appointed receiver of Eljamal’s interests in the Companies since the plaintiff has over 30 years of experience in the gasoline industry and was in fact previously hired by Eljamal to serve as general manager of his business enterprise.
Eljamal opposes the motion. He claims that his attorney attempted to adjourn the October 9, 2014 deposition because he was unavailable that day, but the plaintiff’s attorney refused to consent to an adjournment. Eljamal further states: “The fact of the matter is that I do not have the money or assets currently to satisfy a $4,785,000 [judgment] and I don’t know[ ] many people who do” (Eljamal aff in opposition ¶ 5). Eljamal further contends that Limited Liability Company Law § 607 (b) precludes the plaintiff from executing on his interest in the Companies.
In reply, the plaintiff argues, among other things, that Eljamal’s offer to appear for a deposition is not a meaningful remedy, since Eljamal admits in his papers that he lacks the assets to satisfy the judgment.
Discussion/Analysis
The branch of the plaintiff’s motion which is for the appointment of a receiver over Eljamal’s interest in the Companies is granted. However, for the reasons that follow, the court finds that the plaintiff himself is not a suitable receiver and, therefore, the court appoints an independent receiver with the power to collect Eljamal’s distributions from the Companies and, ultimately, to sell Eljamal’s interests in the Companies for the purpose of satisfying the judgment.
Article 52 of the CPLR contains a wide array of enforcement devices available to judgment creditors to aid in the enforcement of judgments. Notably, the CPLR permits the use of any or all of these devices depending on whichever best suits the particular purpose at hand (see Siegel, NY Prac § 492 at 863 [5th ed 2011] [“As to the sequence in which the (enforcement) devices must be used, there is none. The judgment creditor can use whichever ones suit the particular purpose at hand, beginning with any one of them and finishing with any other, with no particular progression except that which the judgment creditor has decided suits the case best. The CPLR has no direction *365 about it, preferring for this, as it prefers for enforcement generally, to leave the correction and avoidance of all abuses to individual protective orders”]).
Although perhaps less frequently employed, one of the available enforcement devices is the appointment of a receiver over a debtor’s real or personal property:
“Upon motion of a judgment creditor, upon such notice as the court may require, the court may appoint a receiver who may be authorized to administer, collect, improve, lease, repair or sell any real or personal property in which the judgment debtor has an interest or to do any other acts designed to satisfy the judgment” (CPLR 5228 [a]).
“In deciding whether the appointment of [a] receiver is justified, courts have considered the (1) alternative remedies available to the creditor . . . ; (2) the degree to which receivership will increase the likelihood of satisfaction . . . ; and (3) the risk of fraud or insolvency if a receiver is not appointed” (see Hotel 71 Mezz Lender LLC v Falor, 14 NY3d 303, 317 [2010] [internal quotation marks omitted]). “A receivership has been held especially appropriate when the property interest involved is intangible, lacks a ready market, and presents nothing that a sheriff can work with at an auction, such as the interest of a psychiatrist/judgment debtor in a professional corporation of which he is a member” (Siegel, NY Prac § 512 at 901 [5th ed 2011]).
Here, although Eljamal has belatedly offered to appear for a postjudgment deposition, in the same breath, he has explicitly stated that he lacks the funds or assets necessary to satisfy the judgment. Further, in his opposition to the motion, Eljamal has not produced or offered to produce any of the documents requested by the plaintiff’s subpoena (tax records, bank statements, financialrecords, etc.). While the plaintiffhas presented persuasive and unrebutted evidence that Eljamal has sought to shield assets from creditors, Eljamal has signaled that he lacks the means and motivation to satisfy the judgment. Accordingly, the court sees no value in delaying the appointment of a receiver pending the holding of a deposition[2] when Eljamal has already stated that he lacks the assets necessary to satisfy the judgment — any identifiable assets should therefore be marshaled and applied in satisfaction of the judg *366 ment. Stated differently, there is no need to consider alternative remedies to the appointment of a receiver to liquidate Eljamal’s interest in the Companies since, by Eljamal’s admission, his assets will be insufficient to satisfy the judgment (see Hotel 71 Mezz Lender LLC v Falor, 14 NY3d at 317-318 [upholding appointment of a receiver where “an identifiable risk exists that Defendants will be unable to satisfy a future judgment”]).
Moreover, given the lack of marketability of a membership interest in a limited liability company, the appointment of a receiver is particularly appropriate (see Udel v Udel, 82 Misc 2d 882, 884 [Civ Ct, NY County 1975] [“In this case because of the lack of marketability of the stock and the difficulty in determining its true value, it is unlikely that a turnover to the sheriff would result in satisfying the judgment. Accordingly it is directed that the stock be turned over to a receiver”]; see also Hotel 71 Mezz Lender LLC v Falor, 14 NY3d at 318 [“given the lack of marketability of defendants’ intangible property interests (there is no ready market for them), turning the property over to the sheriff would not be helpful in trying to satisfy the judgment”]).
Further, since the Appellate Division, Second Department has denied Eljamal’s application for a stay of enforcement, there is no procedural impediment to the plaintiff enforcing the judgment. Accordingly, both the time and circumstances are ripe for the appointment of a receiver to convert Eljamal’s 8.627% interest in each of the Companies into funds that may be used to satisfy the judgment.
Contrary to Eljamal’s contention, Limited Liability Company Law § 607 (b) does not bar the appointment of a receiver in this case. Limited Liability Company Law § 607 (b) states: “No creditor of a member shall have any right to obtain possession of, or otherwise exercise legal or equitable remedies with respect to, the property of the limited liability company.” While that section bars a creditor from obtaining an interest in the property of the limited liability company, it does not bar the creditor from executing on the debtor’s membership interest itself. Moreover, Limited Liability Company Law § 607 (a), which provides that a judgment creditor’s rights in a debtor’s membership interest are limited to the rights of an assignee of the membership interest (i.e., lacking the full rights of membership), implicitly signals that a membership interest may be levied in satisfaction of a judgment. In any event, the court notes that the appointment of a receiver over a debtor’s inter *367 est in a business entity has been held proper (see Hotel 71 Mezz Lender LLC v Falor, 14 NY3d at 309 [affirming trial court’s ruling that “defendants’ intangible interests (in 22 out-of-state limited liability companies) were attachable property under the CPLR”]; see also Udel v Udel, 82 Misc 2d at 884 [directing that judgment debtor’s stock in a professional corporation be turned over to receiver]).
However, while a receiver is the appropriate procedural mechanism to liquidate Eljamal’s interests in the Companies, the court denies the plaintiff’s request that he be appointed as the receiver. Although CPLR 5228 allows for the appointment of a judgment creditor as a receiver, the court finds that appointment of an independent receiver is more appropriate to avoid any appearance of impropriety in the sale of Eljamal’s interests in the Companies (see 11-5228 Weinstein-Korn-Miller, NY Civ Prac CPLR 5228.16 [“the appointment of the judgment creditor to collect rent may present little likelihood of abuse, but the court may find it more advisable to appoint a third person, who is not primarily concerned with the immediate goal of satisfying his own judgment, to negotiate settlements or sales, to lease or manage property, or to perform other tasks requiring discretion” (emphasis added)]). In addition to the plaintiff’s desire to satisfy the judgment as quickly as possible, the plaintiff’s past involvement in the Companies as a general manager could present a conflict of interest in obtaining the highest value for Eljamal’s interests in the Companies in an arm’s length transaction. While the plaintiff contends that his work experience in the gasoline industry makes him particularly well-suited for appointment as receiver, an independent receiver could properly value and sell Eljamal’s membership interests by seeking leave of court to employ the appropriate expert to conduct appraisals. Accordingly, the court appoints an independent receiver, rather than the plaintiff, as set forth in the decretals below.
Based upon the foregoing, it is hereby ordered that the branch of the plaintiff’s motion which is for the appointment of a receiver is granted; and it is further ordered that the branch of the plaintiff’s motion which is to have himself appointed as receiver is denied; and it is further ordered that John Charles Guttridge, Esq., 303 S. Broadway, Suite 100, Tarrytown, NY 10591, is appointed receiver, with the usual powers of receiver, to sell, dispose, or transfer the defendant Sammy Eljamal’s membership interests in New York Fuel Holdings, LLC and *368 Metro NY Fuels Holdings, LLC; and it is further ordered that the receiver shall have the power to collect Sammy Eljamal’s future distributions, dividends, and/or profits[3] from New York Fuel Holdings, LLC and Metro NY Fuels Holdings, LLC and the power to take any other action consistent with an assignee of the defendant Sammy Eljamal’s interest in those companies (see Limited Liability Company Law § 607 [a]); and it is further ordered that, prior to commencing his duties, the receiver shall: (1) file an oath in accordance with CPLR 6402;[4] and (2) file an undertaking in accordance with CPLR 6403, in the form of a bond in the amount of $50,000; and it is further ordered that the receiver shall keep written accounts in accordance with CPLR 6404; and it is further ordered that the receiver shall deposit all monies collected in his own name, as receiver, in a major New York bank and no withdrawal shall be made therefrom except as directed by order of the court; and it is further ordered that all other relief requested and not decided herein is denied.

. By decision and order dated April 1, 2015, this court denied Eljamal’s motion to set aside the verdict pursuant to CPLR 4404 (a) (2015 NY Slip Op 30620[U] [Sup Ct, Westchester County 2015]).

. Nothing in this order relieves Eljamal from the duty to comply with the subpoena and appear for a deposition.

. This order shall have no effect over Eljamal’s past distributions from the Companies, which are the subject of a separate interpleader action, NY Fuel Holdings, LLC v El Jamal (Sup Ct, Westchester County, index No. 70487/2012).

. “The provisions of CPLR 6402 through 6405, which are the parts of the provisional remedy article that govern a receiver’s oath, bond, accounts, and removal, are made applicable by adoption to the CPLR 5228 receivership” (Siegel, NY Prac § 512 at 901 [5th ed 2011]).